## THE KING vs. J. R. GASPAR.

### EXCEPTIONS FROM THIRD CIRCUIT COURT.

HEARING, MARCH 30, 1891.     DECISION, APRIL 9, 1891.

JUDD, C. J., McCULLY, BICKERTON, DOLE, JJ.

The defendant being charged with the illicit sale at Hilo, Hawaii, of spirituous liquors, offered the defense that he was the servant of a licensed spirit dealer in Honolulu.

Held, that the license of such dealer not being produced in Court, he was to be considered as unlicensed, by Complied Laws, page 699, Section 35.

Held, that the dealing of the defendant as a servant or agent of the licensed dealer in transferring or disposing of spirituous liquor is to be considered an illicit sale, in view of the provisions of sections two and three of Chapter 67 of the Session Laws of 1888.

Exceptions are overruled.

### OPINION OF THE COURT, BY McCULLY, J.

The defendant was tried at the November Term, 1890, of the Third Judicial Circuit Court, on his appeal from a conviction in the Police Court of Hilo, of the offense of selling liquor without

a license.   The liquor in question was a keg of wine sold to a
Japanese, and the defense was that the defendant was merely an
agent or servant of the Hawaiian Wine Company of Honolulu,
or of F. Brown, the manager, receiving orders for their goods,
forwarding the orders, and receiving and delivering the articles
ordered.

The evidence is joined to and made a part of the bill of ex-
ceptions.

. The first exception is taken to the instruction to the jury that
" the defendant claimed to act as the servant of F. Brown, who
was a licensed dealer in liquors, but the license of said Brown is
not produced in evidence.   Under the statute you must find the
defendant guilty."   The statute referred to is Section 35 of an
Act concerning the sale of spirituous liquors, found at page 699
of the Complied Laws, viz.,   " In all proceedings against any
persons for selling or allowing to be sold any spirituous liquor
without a license, such person shall be deemed to be unlicensed,
unless he shall at the hearing of the case produce his license."
Against this positive statute prescription, the counsel for the
defendant cites Act, which is Chapter 28 of the Session Laws of
1890, which requires all persons holding a license for any class
of business to keep it exposed to view in some prominent place
on the licensed premises, under penalty of a fine.   We are of
opinion that it would not be a common sense construction of
these laws to hold that a licensee should not take his license
down from its place in his store and carry it into Court when
the exhibition of it there is required in his defense upon a
charge of misdemeanor in selling without such license.   In the
possible case of his being prosecuted under the latter statute, it
would be a reasonable defense that he was at the time in ques-
tion exhibiting it in Court.   By no manner of construction does
the latter statute repeal the former statute, which is a rule of
evidence.   The objects of the two statutes are not inconsistent
but concurrent, namely, in both cases to show that a party is
carrying on business under a license.

This instruction of the Court was therefore correct, and upon
this alone the verdict might have been sustained.   But the

other position taken by the defense should be discussed and settled in this case.

The counsel for the Crown requested the Court to give the following instructions, which the Court gave:

1. The license granted to the Hawaiian Wine Company for Frank Brown to sell spirituous liquors at a designated store in Honolulu, does not authorize Gaspar to sell or deliver such liquors in Hilo.

2. If Gaspar delivered this keg of wine to the Japanese in Hilo and collected the money for it then, that is a sale within the meaning of the law, and any license to Mr. Frank Brown does not protect defendant.

And the defendant asked for the following instruction : " If the jury find that at the time of the sale of the keg of wine to the Japanese, the defendant was the servant of a licensed dealer, having no interest in the sale and delivery except as such servant, and that the defendant in the course of his employment sent an order for said wine to the licensee who forwarded the wine to the defendant to be delivered, they will acquit," which requested instruction the Court refused to give.

There is some confusion of language in the latter instruction. The first part of it imports that the defendant admitted that he had sold the keg of wine. He does not admit so much. He does not claim that under a spirit dealer's license for Honolulu, branch stores can be maintained or that persons can be authorized or employed by the licensee, at other places than his licensed place of business, to make sales, under the protection of his license, of goods sold, charged or consigned generally to such agent or servants. We may say that sales so made would be in plain contravention of the intent and effect of a " dealer's spirit license." These licenses are among those which are subject to special police restriction. They are issued for a designated locality. They are restricted by the high terms of a payment of five hundred dollars and of a bond in the sum of one thousand dollars. It is provided that no part of the liquor may be drank on the premises nor upon any contiguous premises in a house directly or indirectly under the control of the licensee.

The penalty of the bond may be forfeited if the licensee shall be convicted of felony, perjury or other infamous offense, or of any offense against or violation of the revenue laws, or of any other offense under the statute concerning licenses which involves forfeiture.   It is plain that the license permits the dealer to do the business for which he is licensed only at the place of business which is designated, if this police supervision is to be maintained.

May not such dealer, upon the order of a customer resident in another part of the Kingdom, sell for cash or upon credit and forward or ship the goods to him?

There is a statute specially applicable to this, and restricting it, Chapter 67 of the Session Laws of 1888, which is entitled An Act to Better Prevent Illicit Traffic in Spirituous Liquors, Sections 2 and 3 whereof entirely control the particular case at bar.  Section 2 provides that no licensed peddler, trader or storekeeper, clerk or employee, shall forward to any other person any order for the purchase of spirituous liquors to be shipped or sent to or for the use of any other person than himself.  And Section 3 provides that " it shall be unlawful for any person, not being a licensed dealer in spirituous liquors or a common carrier of goods, to receive into or have in his possession, custody or control at any port outside the city of Honolulu, any spirituous liquor with intent to sell, transfer or dispose of such spirituous liquor or any part thereof to any other person or persons."   Under this legislative construction of the intent and scope of the dealer's license under which the defendant sought to protect himself, any such agency for the extension of the business of a dealer's license has been made illegal by statute, and not only sales, but *the receipt of orders* and transfer and delivery of spirituous liquors by an agent are made illegal acts.

The instructions given were correct and the defendant's instruction was properly denied.

Exceptions overruled.

*Chas. Creighton*, Deputy Attorney-General, for the Crown.
*Paul Neumann*, for the defendant.