## C. LARRISCH *vs.* F. A. SCHAEFER.

### Before Judd, J., on Appeal from Police Justice of Honolulu.

### January, 1875.

A Police Court summons, if no written complaint is filed, should contain. in brief all that is essential to a complaint; but objections as to form must be made before trial in lower court.

An agreement containing "apt words of present demise," held to be a lease, and not void for uncertainty as to beginning of the term.

A lease stipulated that the lessee could renew. at end of term: held, following *Campbell vs. Akana,* 3 Hawn., 571, that occupation and payment of rent by lessee, after end of term, was virtual notice of his intention to hold the premises for the additional term.

### Decision of Judd, J., on Motion.

Defendant's counsel moves to dismiss the summons on the ground that it does not apprise the defendant what the plaintiff seeks—that is, it asks for nothing. Plaintiff's counsel contends that as the summons issues from the Police Justice upon an oral complaint, he is not responsible for its defects; and as this case is appealed on the merits, this motion is too late.

I am of the opinion that if the plaintiff files a written complaint, the summons issued by the magistrate need only recite that the plaintiff claims as by the annexed complaint; but if the summons is filled out upon an oral statement—more

especially if this is done by the plaintiff's counsel—it should contain in brief all that is essential to a complaint. In this case there should be in the summons a statement that plaintiff asks restitution of the premises, or that the plaintiff asks that the premises may be restored to his possession.

But the defendant having gone to the trial in this case in the lower court, where this objection could have been made and the defect cured either by amendment on terms or by plaintiff taking a nonsuit, I do not think it just to dismiss the case now, but will allow the amendment to be made. The question of costs to be considered on final disposition of the case.

Honolulu, January 23, 1875.

---

DECISION OF JUDD, J., ON THE MERITS.

This is an action brought under Chapter XL. of the Civil Code to recover possession of certain premises on Nuuanu Avenue, Honolulu.

The plaintiff put in evidence a lease dated March 30, 1869, between plaintiff's wife Elizabeth Grimes, who owns the premises, and the defendant, whereby the premises are demised to defendant for one year at the rental of twenty-five dollars per month, and there is a privilege of renewal for one year at the same terms. The defendant entered under this lease.

The following paper was also put in evidence:

"The following agreement of lease has been entered into between Elizabeth Grimes of the first part and F. A. Schaefer of the second part, to wit:

"The party of the first part rents to the party of the second part the house and premises, with exception of the taro patches, situated on the Punchbowl side of Nuuanu Valley, above the first bridge, for the term of two years for his sole use, together with the outhouses thereto belonging.

"The party of the second part agrees to pay to the party of the first part, for the above premises, rent at the rate of twenty-five dollars monthly in monthly payments. Of the water rates

the party of the first part pays fifteen dollars, and the party of the second part ten dollars yearly.

"This lease, at the same rental, may be continued for five years after the expiration of the term of this lease at the option of the party of the second part.

"Dated Honolulu, August 1, 1869.

(Signed)          ELIZABETH GRIMES, [L.S.]
(Signed)          F. A. SCHAEFER."    [L.S.]

This is acknowledged by the parties on the 13th August, 1869, and recorded the same day.

Notice to quit was served October 15th, 1874, and the marriage of plaintiff with said Elizabeth Grimes is admitted to have taken place on the 17th November, 1869; it is also admitted that defendant has continued in possession of the premises up to this time.

## BY THE COURT.

The plaintiff contends that the defendant's tenancy has expired by efflux of time, as the term of one year from March 30, 1869 (the date of the original lease), and the additional year of renewal, ended on the 30th March, 1871; and that the paper put in evidence, above recited in full, is either void for indefiniteness, as having no definite time of beginning, or that it is merely an agreement for a lease, and is executory in its terms.

Defendant claims he is rightfully in possession by virtue of this paper, which he contends is a valid, executed lease; and that its acceptance on the 1st August, 1869, operated as a surrender of the first lease.

The two questions presented, are:

1. Is this paper a lease or an agreement for a lease?
2. Is it void for uncertainty?

On the first point Washburn says:—"And whether the instrument is to be construed as a present demise or a contract for a future one depends upon the intention of the parties, as gathered from the whole instrument, rather than any particular form of expression in any particular part of the agreement, though, as a general proposition, if there are apt

words of a present demise followed by possession, the instrument will be held to pass an immediate interest." 1 Wash., R.P., p. 300.

Chancellor Kent, Vol. 4, Comm. p. 108, says: "It is sometimes a question whether the instrument amounts to a lease, or is merely a contract for a lease. It is purely a question of intention." *Poole vs. Bently*, 12 East, 168.

In the case cited by plaintiff's counsel, *McGrath vs. Boston*, 103 Mass., 371, I find these words: "If the instrument upon its face purports to be the contract upon which the occupation is to be enjoyed, and the relations and rights of the parties to be defined, and it contains apt words to operate as a present demise, it will be so construed."

The paper before the Court, in my opinion, contains "apt words of present demise," to wit, it reads, "The party of the first part rents to the party of the second part, etc."—it defines the rent reserved, and contains a stipulation in regard to water rates—in short, "it fully defines the relations and rights of the parties, and purports to be the contract upon which the occupation is to be enjoyed," and does not indicate to my mind that the parties contemplated a lease to be drafted.

On the second point: Is the paper which I now call a "lease," void for uncertainty as to the time of beginning its term? I again quote from Washburn: "Although a lease is said generally to take effect from the time of its making, it is apprehended that the time at which only it takes effect is when it is delivered. It is unimportant when it was written, and it is competent to show by parol when it was delivered, although no date or a different one from that of its actual delivery was inserted in the indenture." 1 Washburn, R.P. p. 292.

In Taylor's Landlord and Tenant, p. 42, I find this learned author says: "In reference, however, to the obligations of the parties, and regarding the lease as a contract, if the time from which it is to commence does not otherwise appear, it will be understood as commencing from the time they were delivered."

In the case of *Styles vs. Wardle*, 4 Barnewall & Cresswell, p.

911, Bayley, J., says: "A deed has no operation until delivery, and there may be cases in which, *ut res valeat quam pereat*, it is necessary to construe date, delivery. When there is no date, or an impossible date, that word must mean delivery."

In the case before the Court there is no evidence of the date of delivery, but I infer that the lease was delivered on the day of of its date, August 1, 1869. If this point is in doubt, it certainly was delivered in law, on the 13th August, 1869, when it was recorded at the office of the Registrar of Conveyances.

The term of second lease has therefore, I hold, a definite beginning, to wit: its date the 1st August, 1869, and it is not void for uncertainty.

The acceptance of both parties of the second lease is, of itself, a surrender of the former lease, on the theory that the lessee is estopped to say that his lessor has no power to make a new lease, and as the lessor could not grant a new lease until the prior one had been surrendered, the law will hold that the lessee has surrendered the prior lease. Taylor's Landlord and Tenant, p. 335; 1 Washburn R.P. 351.

The term of the second lease expired August 1, 1871, but on the authority of *Campbell vs. Akana*, 3 Hawn., 571, I am obliged to hold that the continuing by the defendant to occupy the premises and to pay the rent is a virtual notice of an intention to hold the premises during the entire additional term of five years; this term not expiring until August 1, 1876, the defendant is rightfully in possession of the premises, and judgment must be rendered in his favor with costs.

*A. S. Hartwell*, for plaintiff.

*R. H. Stanley*, for defendant.

Honolulu, January 26th, 1875.