## W. R. CASTLE *vs.* J. F. BOWLER.

### MOTION TO DISMISS APPEAL.

HEARING, DECEMBER 24, 1891. DECISION, FEBRUARY 26, 1892.

JUDD, C.J., McCULLY AND BICKERTON, JJ. DOLE J., DISSENTING.

It is essential to an appeal on points of law from a Justice of the Supreme Court at Chambers, sitting in Intermediary Court, that a certificate of appeal, setting forth the points, be signed by the Justice within ten days after the decision appealed from is rendered. *The King vs. Lee Choy*, 7 Hawn., 62; *Humuula Sheep Station vs. Ahlo*, 7 Hawn., 213; and *Wenner vs. Lindsay*, 7 Hawn., 119, affirmed.

### OPINION OF THE COUT, BY JUDD, C.J.

The plaintiff brought this action in the Police Court of Honolulu, where judgment was entered in favor of defendant. He appealed to a Justice of the Supreme Court sitting at Chambers, where the same judgment was rendered on the 17th July last.

By the Act of 1886 (Chapter LXII.) he has no further appeal on the facts. He however noted an appeal on the 20th July to the Supreme Court in Banco, on the ground that the decision of the Intermediary Judge was against the law and the evidence. He paid the costs on the 27th July, and deposited $50 in lieu of an appeal bond; no certificate of appeal was filed. The case went on to the calendar of the Court in Banco, and Mr. Peterson, counsel for defendant, moved to dismiss the appeal, as follows :

1st. That this cause has been tried in the Police Court of Honolulu and before Mr. Justice Bickerton sitting in Chambers, upon the facts, and judgment in both instances being for defendant, no further appeal upon the facts can be allowed.

2nd. That if this appeal is upon the law, no points of law have been stated, and the appeal must be dismissed.

3d.   That there is no appeal before this Court, no certificate of appeal having been signed, either by the Justice or the Clerk. There is nothing before this Court except a notice of appeal.

We are of opinion that the motion to dismiss must be granted.

In *The King vs. Lee Choy*, 7 Hawn., 62, we held that an appeal from a Police or District Court to the Supreme Court in banco, upon questions of law, must comprise a certificate signed by the Justice, of the points of law upon which the appeal is taken, failing which the Court has nothing to consider.   This was affirmed in *Humuula Sheep Station vs. Ahlo*, 7 Hawn., 213.

In *Wenner vs. Lindsay*, 7 Hawn., 119, we held that the certificate of appeal from a Justice of the Supreme Court should be signed by the Justice, and should state whether the appeal is to the Supreme Court in banco on points of law, or an appeal for trial on the facts.   This decision also lays down that when the decision appealed from is written, and the appeal is taken on points of law therein stated or decided, the points of law need not be re-written (in the certificate of appeal).   If the decision be oral, the points of law appealed from should be reduced to writing by the appellant, signed by the Justice, and appended to the certificate of appeal.

These decisions should settle the practice, and are as authoritative as if made a Rule of Court.   We do not say that an appeal cannot be taken on the question of law whether the evidence sustains the decision, but this point of law must be sent up by the Justice who heard the case, and would have to embrace the evidence.

The Appellate Court in banco, in such case, would not be authorized to try the case *de novo* on the facts, but only to examine the evidence so far as to see if there was sufficient to sustain the judgment appealed from.   A failure to present such a certificate to the Justice for signature within ten days of the judgment is too late.   In this case it was presented on the 27th August.   Such a certificate is a part of the appeal and must be presented within the ten days.

Appeal dismissed.

### DISSENTING OPINION BY DOLE, J.

I find no law, either in the Statutes or the Rules of Court, requiring that a certificate of appeal from a Justice at Chambers to the Supreme Court on points of law should be signed by the Justice within ten days from the judgment, or at any time. Such a rule might put it out of the power of a litigant to perfect his appeal at all, it being dependent upon the presence or fidelity of an official.

An appeal is perfected by the independent action of the party, and the certificate is merely the official recognition or evidence of the fact.

Section 1007 of the Civil Code provides that a party may appeal from a judgment at Chambers by giving notice of such appeal within five days, and paying costs and filing a bond of one hundred dollars for further costs within ten days from the decision appealed from. Rule 4 of the Supreme ·Court modifies the statute by reducing the bond to fifty dollars, and allowing the notice of appeal to be made at any time within ten days.

Rule 39, which provides for appeals from the Police and District Courts to the Supreme and Circuit Courts, and which requires that the certificate of appeal should state the points of law, where the appeal is to the Court in banco, is merely a direction to the Justice whose decision is appealed from, and does not purport to state the requirements of such appeals on the part of appellant, which are fully given in Section 1006 of the Civil Code, and does not require that such certificate shall be made within ten days from the date of the decision rendered.

There is no requirement that Judges at Chambers shall certify upon the points of law in appeals on the law, as Rule 39 requires Police and District Justices to do.

Two of the cases referred to in the opinion of the Court, *i. e.*, *Rex vs. Lee Choy*, 7 Hawn., 62, and *Humuula Sheep Station vs. Ahlo*, *id.*, 213, refer only to the requirements of appeals from Police and District Courts, and neither of them find that the certificate of appeal must be signed within ten days from the decision appealed from.

The other case referred to, *i. e.*, *Wenner vs. Lindsay, id.* 119, is silent as to any requirement that a certificate of appeal should be made within ten days from the date of the decision appealed from. And in a later case than any of these, *Afong vs. Kale, id.* 520, the Court decided, after an exhaustive investigation, that in appeals from Police and District Courts to the Supreme Court in banco, if the points on which the appeal is based were not made during the trial, they must be reduced to writing and be presented to the Justice within the ten days, but the case contains no recognition of any necessity that the Justice should make his certificate within the same time.

In the case before the Court, a decision was filed July 17th, and on the 20th of July the following notice of appeal was filed: "The plaintiff herein gives notice of appeal to the Supreme Court in banco from the decision of Hon. Justice Bickerton, sitting at Intermediary Court of the Island of Oahu, in the above entitled cause, on the ground that the said decision is against the law and the evidence in the said case." The costs accrued were paid, and security for further costs deposited within ten days from the date of the decision.

Every requirement of the statute and of the rules of Court, as a condition of the appeal, has been performed, and the appeal has thus been perfected. The plaintiff is now entitled to the certificate of the Judge at Chambers or of the Clerk to that effect. The issue is definitely set forth in the notice of appeal, *i.e.*, that the decision is against the law and the evidence, which raises an issue of law; this is a common form of exception to a verdict of a jury by which an issue of law is raised. All necessary statement of the issue on appeal was thus furnished to the Judge who tried the case, and is a part of the record, and nothing remains but the official certificate of appeal, which the plaintiff is not responsible for, and which, as has been already noticed, is not required by any statute or rule of Court.

I am therefore of the opinion that the plaintiff has perfected his appeal according to the law, and is entitled to have his case tried.

*A. S. Hartwell*, for plaintiff.

*A. P. Peterson*, for defendant.