## REPUBLIC OF HAWAII *v.* PETER PEDRO.

APPEAL FROM DISTRICT COURT OF HONOLULU.

SUBMITTED DECEMBER 27, 1897.     DECIDED JANUARY 21, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

District Courts have no power to suspend sentences indefinitely.

OPINION OF THE COURT BY JUDD, C. J.

The essential facts of this case are as follows: The defendant, on the 2d February, 1897, in the District Court of Honolulu, G. H. De la Vergne Magistrate, plead guilty to a charge of assault and battery, upon his wife. The court thereupon suspended the sentence. Thereafter defendant was arrested for a similar offense alleged to have been committed on the 23d November, and on the 26th November, he, being before the court on this charge, C. F. Peterson, Magistrate, was by him sentenced to imprisonment at hard labor and to pay costs, on the charge of assault and battery to which he had pleaded guilty on the 2d of February, 1897. Defendant's counsel objected in the lower court to the imposing of the sentence, on the ground (1) that the court had no power to suspend it; that by virtue of the indefinite suspension of the sentence, the court had lost jurisdiction of the case, and also (2) because defendant was brought into court to answer to another and subsequent offense without notice that he was to be sentenced upon his plea of guilty in the previous case. These are substantially the points of law raised by this appeal.

Upon the question whether courts have the right to suspend sentence for an indefinite time there is some conflict of opinion.

It is generally conceded that courts have the power to defer temporarily the rendition of judgment to a subsequent day or term in order to allow defendant time to move for a new trial, or in arrest of judgment, or to take other steps involving delay allowed by statute or the practice of the court, or to allow time for the court to consider and determine the sentence to be imposed, or, as some express it, "for cause shown." 21 Ency. Law, 1083 and 1066; *Thurman v. State*, 15 S. W. 84; *State v. Ray*, 50 Iowa, 520; *State v. Kennedy*, 58 Mich. 372; *State v. Felker*, 61 Mich. 110; *State v. Watson*, 95 Mo. 411. But the right to suspend sentence or defer the rendition of sentence for an indefinite time, after a regular conviction has been had, is maintained by some courts and disputed by others.

In our statutes there is nothing requiring specifically that the District Courts shall after conviction impose sentence immediately. But unless a statute or the practice of the court allow of delay, he must do it reasonably soon thereafter, as the statutory direction to the magistrate to deal with the offender according to law implies that punishment must follow conviction. Section 687 of the Penal Laws (ed. of 1897) requires as follows: "In all criminal cases where the punishment is less than capital, the court before whom the conviction is had shall proceed as soon thereafter as may be to pass sentence according to law, which sentence shall be recorded by the clerk, and certified to the marshal or his deputy in the order for imprisonment or other punishment, as the case may be."

This provision is evidently intended to apply particularly to courts of record. The expression "shall proceed as soon thereafter as may be to pass sentence," &c., would allow courts of record to suspend sentence to a definite time for a legal purpose, but it cannot be stretched to give authority to a court to suspend the imposition of a sentence indefinitely. And, *a fortiori*, District Courts not being of general jurisdiction, have not this

power. But the question whether District Courts can suspend sentence for a definite time is not raised in this case.

Cases which sustain the doctrine that courts have not the power to suspend sentence after conviction *indefinitely* are *People v. Brown,* 54 Mich. 15; *People v. Morrisette,* 20 How. N. Y. 118; *U. S. v. Wilson,* 46 Fed. R. 748; *People v. Blackburn,* 23 Pac. R. 759. The argument is that the unconditional and indefinite suspension of a sentence, no bond or recognizance being required, is equivalent to a pardon of the defendant,— which power can only be exercised by the Executive in whom is the pardoning power. The *State v. Abby,* 43 N. J. L. 113, is cited as an authority for the contrary proposition. In this case defendant was in 1877 convicted of the offense of maintaining a common nuisance and the court after verdict "ordered that sentence be suspended on payment of costs of the prosecution so long as defendant shall keep the culvert complained of clear and unobstructed, and shall do whatever else may be necessary to abate the nuisance of which he stands convicted." The defendant paid the costs and abated the nuisance. A subsequent imposition in 1880 of a sentence of imprisonment, on the ground that defendant did not keep the culvert clear, was held to be unauthorized, because the order made by court in 1877 was tantamount to a judgment that defendant should abate the nuisance and pay costs and that the expression "suspending the sentence" was informal and did not warrant the imposition of a second sentence for the same offense.

The case mainly relied upon by the prosecution is *Commonwealth v. Dowdican's bail,* 115 Mass. 133. In this case Gray, C.J., said, "It has long been a common practice in this Commonwealth after a verdict of guilty in a criminal case, when the court is satisfied that, by reason of extenuating circumstances, or of the pendency of a question of law in a like case before a higher court, or other sufficient cause, public justice does not require an immediate sentence, to order, with the consent of the defendant and of the attorney for the Commonwealth, and

upon such terms as the court in its discretion may impose, that the indictment may be laid on file; and this practice has been recognized by statute." The statute referred to is that of 1869, Chap. 415, Sec. 60, which provides that no case shall be "laid on file" unless a written motion is filed *setting forth the reasons why public justice requires a different disposition* of the case, supported by affidavit of the facts.

In the case before us neither long established practice nor a statute justifies the "laying of a case on file," subject to the court's order to bring up the case for judgment.

In a later case, *Commonwealth v. Maloney*, 145 Mass. 205, in a trial justice's court, the defendant plead guilty, on June 26, 1886, to a charge and the case was "continued for sentence" to August 7, 1886, at which time the cause was continued *nisi* upon payment of costs by the defendant to be again called up for sentence upon notice to the defendant." On October 6, 1886, upon notice to the defendant the case was called up for sentence, and continued to October 16, 1886, when the defendant was sentenced. He appealed from the sentence. The court held that he was not amenable to sentence by the trial justice, and said *inter alia*: "The indefinite postponement of a case before it is, in effect, the indefinite postponement of the court." "He has no jurisdiction to suspend and revive at his will, a case and court before him." The statute allowed a trial justice to postpone a sentence by a continuance for ten days; and the court said there was "nothing in the statute which gave a trial justice authority to settle a criminal case before him by receiving the costs from the defendant, and discharging him without judgment and without a continuance, on his agreement to present himself for sentence at any future time on notice. Apart from the abuse to which such a power would be liable the functions and course of proceeding of justices of the peace in regard to offenders prescribed by statute show that it was never intended that they should have the general power of putting the prisoner convicted before them on probation by indefinitely holding the conviction

over him, as is done in higher courts by putting the indictment 'on file.' "

In favor of the power to indefinitely postpone sentence is *State v. Crook,* reported in 29 L. R. A. 260 (N. C.). The court said, "the practice of making an order where parties are convicted or submit on a criminal charge, that the judgment be suspended upon the payment of the costs is one that seems to be somewhat peculiar to our own courts; but it must be admitted that its adoption has proved very salutary, both in bringing about the reformation of petty offenders and in the suppression especially of certain classes of offenses. The exercise of this discretionary power has not heretofore been questioned and the beneficial effects of its judicious use have been made so as to commend it both to the judges and the people. We search in vain for direct authority from the courts of other States to aid us in determining the precise meaning of such orders, because it has not been the practice to make them elsewhere in this way."

The strongest case in favor of the power to indefinitely postpone sentence is *People ex rel. Forsyth v. Court of Sessions,* 141 N. Y. 288 (1894) where it was held that "a statute which in terms authorizes courts of criminal jurisdiction to suspend sentence in certain cases after conviction, is not violative of the State Constitution giving the governor the power to grant reprieves and pardons." This court says in its decision that Supreme Courts of criminal jurisdiction have by the common law the inherent authority to suspend sentence. But this case does not touch upon the question whether justices' courts have this power.

Against the power discussed here is *U. S. v. Wilson,* 46 Fed. R. 748, where Judge Beatty of the U. S. Circuit Court held that courts have no power to suspend sentences except for short periods pending the determination of other motions or considerations arising in the cause after verdict. When the court has by order indefinitely suspended sentence, it cannot thereafter and especially at a subsequent term, revoke such order and proceed to judgment by sentencing the prisoner.

*In re Webb*, 89 Wis. 354 (1895), the court imposed a sentence and directed that in case the fine was paid forthwith the execution of the sentence of imprisonment "be suspended until the further order of the court." Held to be without authority. To the same effect is *State v. Voss*, 80 Iowa 467.

We observe that our statute that exceptions duly taken suspend the execution of a sentence obviates in most cases the necessity of the suspension of a sentence for even a definite time.

As we have said the authorities are abundant that a court of record for good cause shown may suspend the rendition of a sentence to the next or a succeeding term of court. This would not apply to a District Court which has no terms but goes into session whenever cases are brought before it. It is a "temporary court for each case."

We therefore hold that the District Magistrate had no power to suspend the sentence indefinitely and had lost jurisdiction of the case, and consequently the imposition of the sentence in November was void. It does not become necessary to pass upon the second point.

Appeal sustained, and defendant discharged.

*E. P. Dole, Dep. Atty. Gen'l,* for prosecution.

*J. T. De Bolt* for defendant.