## A. HUMBURG *v.* IWAMOTO NAMURA and YAJIMA.

### APPEAL FROM DISTRICT COURT SOUTH HILO, HAWAII.

### SUBMITTED DECEMBER 2, 1901.  DECIDED DECEMBER 13, 1901.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

Where the points of law on which an appeal is taken appear from the certificate of the District Magistrate, such certificate held to be a sufficient compliance with Rule 5 of this Court.

The order of a District Magistrate continuing a cause indefinitely is equivalent to an order of dismissal and is appealable.

#### OPINION OF THE COURT BY GALBRAITH, J.

The plaintiff filed an action of assumpsit in the District Court of South Hilo, Island of Hawaii, for the recovery of $96.00 alleged to be due from the defendants as rental for certain buildings held by them under lease. On the return day the parties appeared in court and the defendants' attorney moved the court, as appears from the certificate of the District Magis-

trate, "that the hearing in this cause be postponed until after the bankruptcy cause of Tomishima is settled in the Federal Court, before Judge Estee, at Honolulu, for the reason that this property in question, is a portion of the property in the Tomishima bankruptcy matter," and it further appears from said certificate that "I sustained the motion and continued said cause," and that the "attorneys for the plaintiff excepted to the ruling of the court and gave notice of an appeal on points of law." The formal notice of appeal refers to the certificate of the magistrate for the points of law on which the appeal was taken.

At the hearing in this court the defendants' attorneys presented and argued a motion to dismiss the appeal, (1) that no points of law were certified in the certificate of the District Magistrate as required by the Rules of Court, (2) that the order appealed from was not a final order and not appealable.

The statute permits appeals to be taken from the decision of the District Magistrate directly to the Supreme Court when such appeal is taken only on points of law (Sec. 1430, Civil Laws). Rule 5 of this Court prescribes that when the appeal is taken and perfected the District Magistrate "shall forward without delay to the clerk of the Supreme Court a certificate of appeal, stating the nature of the action, the decision made, and the points of law upon which the appeal is taken." * * * In so far as this rule may be said to be a limitation on the right to an appeal given by statute it should receive a liberal interpretation.

While the certificate does not set out clearly the points of law relied on by the appellant in as much as they do appear from the certificate we think it ought to be held sufficient. This view finds support in *Titcomb v. Naeole,* 10 Haw., 346.

Was the order made in this case appealable? It has been held by this Court that an appeal lies from an order declining to set aside a judgment where a substantial right is involved, and the judgment is clearly void as a matter of law. *Gouveia v. Nakamura, ante,* p. 452. It has also been held that where a

District Magistrate suspends sentence indefinitely he loses juris-
diction and can do nothing further in the case. *Republic v.
Pedro*, 11 Haw., 287. Pursuing the same course of reasoning
by which the conclusion was reached in the case last cited we
would conclude that the order appealed from was equivalent to
a discontinuance or a dismissal of the cause. This view is sup-
ported on excellent authority. Most of the cases have arisen in
jurisdictions where the statute prescribes in terms the time
within which a magistrate may continue a cause. These hold
that a continuance granted for a period beyond the time fixed
by statute, or for an indefinite time, is equivalent to an order of
dismissal. Our statute simply gives the power to the magistrate
to continue causes without prescribing any time. This cannot
be construed to give the magistrate unlimited and unrestrained
power over continuances. The effect of a continuance, we take
it for an indefinite time would be the same in this jurisdiction
as where the time is definitely prescribed by statute. It has
been held, "If a cause in a Justice's Court be adjourned with-
out fixing a day, but to such day as counsel shall agree upon,
and the defendant's counsel refuses to agree to a day, the Jus-
tice cannot fix a day, and give notice thereof to the defendant.
The cause is out of Court, and must be commenced anew."
*Woodworth v. Wolverton*, 24 N. J. L., p. 419. Other author-
ities are *Allen v. Board of Health*, 46 N. J. L., 99; *Brown v.
Kellogg*, 17 Wis., 490; *Telephone Co. v. Boylan, et al.*, 86
Iowa, 96; 4 Encycl. Pl. & Pr., p. 896.

It was said by the Court in *Barthrop v. Kona Coffee Co.*,
10 Haw., 400, that a final decision for the purposes of an appeal
was not necessarily the last decision in a case; that "the effect of
a decision would seem to be a better test of its finality than the
stage at which it was rendered." This we deem the true test
of an appealable order.

We are of the opinion that when the Magistrate continued
the cause until another proceeding in another court was termin-
ated—an indefinite and uncertain time—that this was equiv-

alent to an order of dismissal and that such order was a "final order" in the cause and was appealable.

The motion to dismiss the appeal is denied and the cause is remanded to the District Magistrate of South Hilo, with direction to set aside the order of continuance appealed from and for such further proceedings as may be necessary.

*Wise & Nickeus* for plaintiff.

*Smith & Parsons* for defendants.