## TERRITORY v. G. E. SCHAEFER.

APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

ARGUED OCTOBER 8, 1908.　　　　　DECIDED OCTOBER 16, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

COUNTIES—*constitutionality of automobile ordinance.*

Ordinance 5 of the County of Oahu, relating to the registration,

Territory v. Schaefer, 19 Haw. 214.

identification, use and operation of motor cars, is not contrary to
the 5th or 14th amendments of the Constitution.

### OPINION OF THE COURT BY WILDER, J.

This is an appeal by defendant on points of law from a de-
cision of the district magistrate of Honolulu finding him guilty
of wilfully operating a motor car on Hotel street between Bethel·
and Fort streets in Honolulu "at a speed greater than was
reasonable and proper having regard to the traffic and occupa-
tion of said highway at said locality,' contrary to ordinance 5
of the County of Oahu entitled "An Ordinance Relating to the
Registration, Identification, Use and Operation of Motor Cars."
The defendant claims that the ordinance ·in question is void as
being contrary to the 5th and 14th amendments to the constitu-
tion in illegally discriminating against him and denying him
the equal protection of the laws.

The first contention is that section 2 of the ordinance dis-
criminates illegally between residents and nonresidents who
are only temporarily within the Territory. This section 2 and
section 6 to which it refers in the last proviso are as follows:

"Section 2. No motor car shall be operated on any highway
until the same shall have been registered by the owner in ac-
cordance with the requirements of this ordinance, nor unless the
same shall otherwise conform to the requirements of this ordi-
nance.

"Provided, however, that no registration shall be required
of any motor car, while the same is in stock, for sale, of any
dealer in motor cars, and which may be operated on a highway
by such dealer or an employee of such dealer, for the purpose of
exhibition of the same to an intending purchaser, and not for
hire.

"The provisions of this section shall not apply to motor vehi-
cles owned by non residents of this Territory and only tempor-
arily within this Territory, provided the owners thereof have com-
plied with any law requiring the registration of owners of motor

vehicles in force in the State, Territory or Federal district of their residence, and the registration number showing the initial of such State, Territory or Federal district shall be displayed on such vehicle substantially as provided in Section 6."

"Section 6. Identification of Car. The owner of each motor car so registered shall, before such car shall be permitted to be operated upon any highway, display and keep displayed upon the rear part of said car, in such position that it can at all times be plainly seen, the registration number of said car, given to it by the Sheriff, under the terms of this ordinance.

"Such numbers shall be four inches in height in white on a black background."

Thus far, then, the ordinance requires the registration of cars, which is necessary for the purpose of identification in case operators of cars fail to observe their duties on the highways. 28 Cyc. 32; Huddy on Automobiles 37. By the ordinance all cars, whether owned by persons permanently or temporarily within the Territory, are required to be registered and carry a number which is uniform in size so that the car may be identified if necessary. There is nothing unreasonable in not requiring a temporary resident who has registered his car in some other territory or state to re-register it in this Territory. The requirement of registration is substantially similar for all cars, and consequently the ordinance is not unconstitutional in this respect.

The next contention involves Sec. 8 of the ordinance, which is as follows:

"Section 8. No motor car shall be operated on any highway by any person, unless such person shall have first received a chauffeur's certificate certifying that he or she is competent to operate a motor car propelled by the kind of power used on such motor car except the type or class of car specified in the chauffeur's certificate held by such person, and obtained upon the terms and in accordance with the requirements of this ordinance.

"Provided, however, that this section shall not apply to any

person who is learning to operate a motor car, while accompanied in the same motor car by the Examiner of Chauffeurs, or by a person holding a chauffeur's certificate issued under this act, who is acting as a teacher of such person so learning to operate such car, at a point outside of the speed limit area in this ordinance described, or those exempt under Section 2."

The claim of the defendant is that under this section chauffeurs of cars belonging to temporary residents do not require a certificate and that there consequently follows a discrimination which is invalid. This argument is based on the last words of the section "or those exempt under Section 2." While effect should be given to every word of the section, in this case it appears to us that those words are meaningless and consequently do not affect the balance of the section. This is a section prohibiting any person from operating cars on highways without a chauffeur's certificate. Section 2 deals solely with the registration of cars, and the exemptions refer to cars and not to persons. It has nothing to do with the persons who operate them. An attempt to construe "those exempt" as referring to dealers having motor cars in stock or to nonresident owners who have complied with foreign registration acts would result in exempting persons who may never have attempted to run a motor car in their lives. We are not required to put a forced construction on language in order to obtain an absurd result. R. L. Sec. 13. We are forced to the conclusion that the words are meaningless and consequently do not affect the balance of the section. That being the case, there is absolutely no discrimination in this section between what may be called resident and nonresident chauffeurs.

Defendant further contends that the ordinance discriminates by prescribing an age limit for resident chauffeurs and none for nonresident chauffeurs, and by providing for additional penalties for violations in the case of resident chauffeurs which do not follow in the case of nonresident chauffeurs. As we

Territory v. Schaefer, 19 Haw. 214.

have already held, however, under section 8 of the ordinance that all chauffeurs are treated alike, it follows that their qualifications must be the same and they are all subjected to the same penalties. The ordinance in question is not contrary to either the 5th or 14th amendments of the constitution.

Defendant finally urges that the ordinance was superseded or impliedly repealed by R. L. sections 3115 and 3116, as amended by Act 68 of the laws of 1907, following the ruling made in *Territory v. McCandless,* 18 Haw. 616, that a county has no power to prohibit by ordinance an act already made penal by territorial statute. This point of law was not stated in the certificate of appeal and consequently cannot be considered. R. L. Sec. 1858, and cases cited in the note thereto.

Judgment affirmed.

*F. W. Milverton, Deputy County Attorney,* for the Territory.

*C. F. Clemons* (*Thompson & Clemons* on the brief) for defendant.