# HARRY T. MILLS *v.* JOHN W. CATHCART; JAMES BICKNELL, AS AUDITOR OF THE CITY AND COUNTY OF HONOLULU, GARNISHEE.

## APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

ARGUED MARCH 22, 1909.                    DECIDED MARCH 29, 1909.

### HARTWELL, C.J., WILDER AND BALLOU, JJ.

COURTS—*jurisdiction—effect of defective declaration.*

> A garnishee summons should not be quashed for lack of juris-
> diction because the declaration omits some of the statutory allega-
> tions, there remaining sufficient to set the machinery of the court
> in motion.

### OPINION OF THE COURT BY BALLOU, J.

The plaintiff in an action of assumpsit in the district court of Honolulu obtained judgment by default for $255.20 against the defendant. The judgment not being satisfied plaintiff sued out a garnishee process, attaching to the summons a declaration averring the action and judgment, its nonpayment with the exception of $21.74 paid on account, that Bicknell, as auditor of the City and County of Honolulu, was the defendant's agent, factor, trustee, attorney and debtor and had his money, pay orders, accounts and credits concealed in his hands so that they could not be attached or levied upon, and that the defendant is a government beneficiary, to wit, the city and county attorney of the City and County of Honolulu. The summons is on a printed form, and states, over the signature of the district magistrate, that the plaintiff alleges that the defendant as city and county attorney of the City and County of Honolulu, to the best of the plaintiff's knowledge, receives or is entitled to receive a monthly salary of $200 by warrant drawn by the auditor and that the plaintiff requests the court to insert in the summons a direction to the officer serving the process to leave a true and

attested copy thereof with the auditor. The writ thereupon commands the officer to leave the same with the auditor. The defendant and the garnishee, appearing specially, moved to quash the process upon the ground that the court was without jurisdiction to issue the garnishee summons, which motion was sustained upon the grounds that the declaration is no part of the summons and that it does not contain the allegations required by R. L. Sec. 2130. The plaintiff appealed to this court on the points of law involved in this decision.

This statement of points of law appealed upon is informal and inferential, but in the absence of objection we will consider the correctness of the magistrate's ruling upon the grounds specified.

Upon the first ground, the statement that the court was without jurisdiction because the declaration was no part of the summons is unintelligible. Possibly it is a mistake for "the summons is no part of the declaration," it being the plaintiff's position that certain of the statutory allegations which were not in the declaration appear in the summons.

The main point in controversy is whether the court is without jurisdiction because the declaration did not contain certain of the allegations specified in the statute, which provides "the creditor of such beneficiary may bring his suit against his debtor and in his petition or declaration allege to the best of his knowledge" certain enumerated facts. R. L. Sec. 2130. The argument was devoted mainly to the question whether or not all the allegations were in fact in the declaration, but we think the declaration sufficient to invoke the jurisdiction of the court and that the absence of some of the statutory allegations did not go to the jurisdiction so as to warrant quashing the summons but should have been taken advantage of by demurrer.

"There is no connection between jurisdiction and sufficient allegations. In other words, in order to 'set the judicial mind in motion,' or to 'challenge the attention of the court,' it is not necessary that any material allegation should be sufficient in

law, or that it should even tend to show facts that are sufficient. If that were the rule, the absence of any material allegation would always make the judgment void, because it cannot be said that such a complaint has any tendency to show a cause of action. * * * When the allegations are sufficient to inform the defendant what relief the plaintiff demands—the court having power to grant it in a proper case—jurisdiction exists, and the defendant must defend himself. * * * The failure to allege any matter necessary to make a cause of action, or the allegation of matters which do not do so, when the object of the pleader is apparent and the relief sought is within the power of the court to grant, can never make the judgment void." Vanfleet's Collateral Attack, Sec. 61.

We may remark in passing that the printed form of garnishee summons in use in the district court is not intended to dispense with the necessity of having all necessary allegations appear in the declaration and that it would be better practice to have such allegations over the signature of the plaintiff instead of appearing solely over the signature of the magistrate.

Judgment reversed, case remanded.

*A. S. Humphreys* for plaintiff.

*F. W. Milverton* for defendant and garnishee.