## EUGENE MURPHY *v.* W. A. McKAY.

## No. 912.

APPEAL FROM ACTING DISTRICT MAGISTRATE OF WAILUKU.

ARGUED FEBRUARY 24, 1916.          DECIDED MARCH 1, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*certificate of appeal—points of law.*

> On appeal from a judgment of a district magistrate to this court
> the points of law upon which the appeal is taken must be stated in
> the district magistrate's certificate of appeal and if not so stated
> the appeal must be dismissed.

### OPINION OF THE COURT BY QUARLES, J.

The plaintiff commenced this action of assumpsit in the district court of Wailuku against the defendant and obtained judgment for a small amount, from which judgment the defendant has appealed to this court on points of law. In the notice of appeal it is recited that the appeal is upon points of law, to wit: "The court erred in overruling defendant's motion for a nonsuit, said motion for nonsuit being on the following grounds" (naming four grounds for the motion) "and 2, that the court erred in taxing costs against the defendant herein." In the district magistrate's certificate of appeal, it is recited that the appeal is "on points of law," but no point of law is stated. Should the appeal be dismissed for the reason that the district magistrate's certificate does not state the points of law upon which the appeal is taken as required by Rule 14 of this court?

The statute authorizing the appeal (R. L. 2507) provides, *inter alia,* that "any appeal solely upon points of law from a decision of a district magistrate shall be so stated in the notice of appeal." Rule 14, *supra,* supple-

menting the statute, and regulating the procedure by which such appeal is brought to this court, requires the district magistrate to send to this court "a certificate of appeal, stating the nature of the action, the decision made and the points of law upon which the appeal is taken." It is not necessary to set forth in the notice of appeal the points of law upon which the appeal is taken, but it is necessary to state in the notice of appeal that the appeal is upon points of law. The points of law must be stated in the district magistrate's certificate of appeal, and if not stated therein the appeal will be dismissed (*The King* v. *Lee Choy,* 7 Haw. 62; *Humuula Sheep Station* v. *Ahlo,* 7 Haw. 213; *Castle* v. *Bowler,* 8 Haw. 366; *Titcomb* v. *Naeole,* 10 Haw. 346). In *Territory* v. *Schaefer,* 19 Haw. 214, it was said at page 218: "Defendant finally urges that the ordinance was superseded or impliedly repealed by R. L. Sections 3115 and 3116, as amended by Act 68 of the Laws of 1907, following the ruling made in *Territory* v. *McCandless,* 18 Haw. 616, that a county has no power to prohibit by ordinance an act already made penal by territorial statute. This point of law was not stated in the certificate of appeal and consequently cannot be considered." Much liberality has been allowed in presenting the certificate of points of law to this court. For instance, in a recent case (*Yamamoto* v. *Sakurai,* 20 Haw. 657) it was held that the certificate stating the points of law may be filed in this court at any time before argument. This decision is not in conflict with the rule requiring the appellant to reduce the points of law upon which he takes his appeal to writing and present them to the district magistrate within the time allowed by law for perfecting his appeal as announced in *Afong* v. *Kale,* 7 Haw. 520 and in *Castle* v. *Bowler,* 8 Haw. 366. There is no impropriety in stating in the notice of appeal the points of law upon which the appeal is taken and we regard it as good practice to do so, yet such recital in the notice of appeal does not dispense with the necessity of

stating the points of law in the district magistrate's certificate of appeal. It is only on points of law that an appeal from a judgment of a district magistrate can be brought here. The statute allowing the appeal contemplates that the appellant shall perfect his appeal, that is, do the things that he must do, in order to appeal, within ten days, and if he presents his points of law on which he appeals in writing, whether in his notice of appeal or otherwise, to the district magistrate within the time required, he has done all that he can do, but must see that the certificate of appeal states the points of law and that such certificate is before this court prior to the argument.

In *Afong* v. *Kale, supra,* the certificate of appeal did state the points of law upon which the appeal was taken, but the certificate was not filed in this court until two months after the appeal had been perfected and the record sent up. The court there made some suggestions to the effect that if the points of law appeared on the minutes of the district magistrate it was not necessary to state them in the certificate of appeal, but this was *obiter dicta* as in that case the points of law appeared in the certificate of the district magistrate, and the motion to dismiss the appeal was made upon the ground that the points of law upon which the appeal was taken were not stated in the district magistrate's certificate within ten days after judgment.

Under the liberal construction and application of the rule in question made in former decisions of this court it is hard to conceive of any valid excuse for not complying with it.

Under the decisions cited, and for the reasons herein stated, the appeal is dismissed with costs to the plaintiff appellee.

*E. Murphy* in proper person.

*E. Vincent* (*D. H. Case* with him on the brief) for defendant.