NILS G. PETERSON *v.* LAU TONG AND LEE TONG.

No. 1771.

SUBMITTED SEPTEMBER 30, 1927.          DECIDED OCTOBER 26, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon an appeal on points of law from an order of the district magistrate of the City and County of Honolulu granting defendants' motion to quash summons and service of summons.

From the record it appears that action was commenced in the district court by summons issued under date of May 5, 1927, and served the following day upon each of the two defendants. The summons is upon a printed form commonly in use in the district courts and directs the officer serving the same, among other things, to summon the defendants to appear at the time and place therein named "to show cause why the claim of Nils G. Peterson, plaintiff, should not be awarded to him pursuant to the tenor of his annexed complaint or declaration. That said defendants are indebted to the plaintiff in the sum of $230 upon a promissory note given by said defendants to the plaintiff herein, dated April 2nd, A.D. 1927, a copy of said note is hereto attached and made a part of this complaint. In consideration whereof, said defendants had promised to pay said amount of $230, but though often requested, said defendants failed and still fail to pay the same to plaintiff." The above quotation is followed by a prayer for judgment in the sum of $230 with interest, costs and attorney's commissions. Attached to the summons is a copy of the note therein referred to, which is as follows: "On or before thirty (30) days after date, for value received, we jointly and severally promise to pay to Nils G. Peterson, or order, at Honolulu, aforesaid, Two Hundred Thirty ($230.00) Dollars, lawful money of the United States of America, with interest thereon at the rate of eight (8%) per annum, payable at maturity, without notice or demand," dated April 2, 1927, and signed by each of the defendants. On May 9, 1927, defendants filed in said court and cause their motion to quash summons and service of summons, which motion reads in part as follows: "Come now Lau Tong and Lau Mun (named Lee Tong in the summons) by their attorney H. E. Stafford, Esq., and appearing specially and limiting his appearance to the purpose of this motion hereby moves the court to

quash the summonses herein issued out of this honorable
court on the 5th day of May, 1927, in the above styled
cause on the ground that no complaint or declaration
was filed in this court as a basis upon which to issue said
summonses; that there is no complaint or declaration
now on file in said court; and that there was no complaint
or declaration attached to said summonses as by law pro-
vided and as a basis therefor. And they further move to
quash the service of said summonses upon all the grounds
heretofore urged for the quashing of the summonses, and
upon the further ground that neither copy of the summons
served upon them had attached thereto a complaint nor
declaration upon which it purported to be based. This
motion is based upon the records of this cause on file in
this court and other records of this court, and the copies
of summonses delivered to movants." Two certified copies
of the summons above quoted, each with a copy of said
note attached, were received in evidence and marked de-
fendants' exhibits 1 and 2. On May 13, 1927, defendants'
motion above quoted was granted by the district magis-
trate, whereupon on the same day the plaintiff filed in
the district court a notice of appeal in the following terms:
"The plaintiff in this case appeals from the judgment here-
in to the supreme court of the Territory of Hawaii, on the
ground that the pleadings are sufficient in law for this
court to hear the cause," which appeal was on May 19,
1927, perfected and certified to this court.

Defendants' motion to quash and the order of the dis-
trict magistrate granting the same are, as defendants in
effect aver in their brief, upon the theory that a separate
complaint other than that set forth in the summons and
attached copy of note must be filed or entered in the
district court to give validity to the summons. "While
rigid rules of pleading," say the defendants, "are not re-
quired in the district courts still it has always been re-

quired that a declaration or complaint setting forth with reasonable clearness the cause of action shall be filed as a basis for the suit." From what follows the foregoing quotation it is apparent that the defendants refer to a declaration or complaint other than that contained in the summons itself and its attached copy of the instrument sued upon. No citation of statute or decision is given in support of the above-quoted statement, and, in the meaning attached to it as above set forth, none has been found by ourselves.

Section 2329, R. L. 1925, provides in part and in effect that every civil action in a court of record shall be commenced by petition—but this provision has no counterpart with reference to civil procedure generally in district courts, provision for which is set forth in chapter 140, R. L. 1925. Section 2318 of said chapter provides in part that "the original suit in all civil actions begun before a district court shall be a summons," etc. The difference in the wording of the two sections is significant. For many decades past it has been the recognized practice in Hawaii for the plaintiff's claim in civil actions to be set forth in the summons issued by the magistrate, unaccompanied by a separate formal declaration. Said Mr. Justice Judd in *Larrisch* v. *Schaefer,* reported under date of January 23, 1875, in 6 Haw. 140: "I am of the opinion that if the plaintiff files a written complaint, the summons issued by the magistrate need only recite that the plaintiff claims as by the annexed complaint; but if the summons is filled out upon an oral statement—more especially if this is done by the plaintiff's counsel—it should contain in brief all that is essential to a complaint."

The following recital of facts set forth in the decision of *Davis* v. *King,* 16 Haw. 792, shows inferentially the view which this court held in 1905 as to the usual practice in district courts with reference to declarations of the kind

above referred to: "The summons was in the usual printed form, but, instead of containing the complaint in the blank space provided therefor, it contained the words 'as per appending declaration,' and the complaint, which was apparently too lengthy for insertion in such space, was attached to the printed form. Two errors are assigned: * * * (2) that the district court was without jurisdiction of the person of the defendant below—for the reason that the return of service endorsed on the summons does not show that a copy of the complaint, as well as of the summons, was served upon the said defendant. *Per curiam:* * * * (2) The complaint was made a part of the summons by reference, and there is no statute requiring the return endorsed on a summons issued by a district court to refer to the complaint as distinguished from the summons."

With reference to statutory garnishment proceedings this court in 1909, in a dictum by Mr. Justice Ballou in *Mills* v. *Cathcart,* 19 Haw. 387, 389, expressed its view as to the approved practice in the following terms: "We may remark in passing that the printed form of garnishee summons in use in the district court is not intended to dispense with the necessity of having all necessary allegations appear in the declaration and that it would be better practice to have such allegations over the signature of the plaintiff instead of appearing solely over the signature of the magistrate." But even in garnishment proceedings this court has held that while the petition for process must be in writing the statutory requirement is satisfied if said petition is contained in the summons itself. Said Chief Justice Judd in delivering the opinion of the court in *Frag* v. *Adams,* 5 Haw. 664, 665: "In the court's notes of record the petition for process need not be separately made, but it may be incorporated in the statement of claim in the body of the summons, as is now the

usual practice we believe." The local practice of requiring no separate declaration aside from that incorporated in the summons, except where otherwise provided by law, to give a district court jurisdiction, is in conformity with the practice in courts of justices of the peace in other jurisdictions. See 35 C. J. 614, and n. 17. From the foregoing it is plain that in an action upon a promissory note in the district court a motion to quash the summons and service thereof upon the ground that no complaint had been filed as a basis therefor and no copy served upon the defendants is not sustainable where the complaint is set forth in the body of the summons, to which is attached a copy of the note sued upon, certified copies of which summons and note had been duly served upon the defendants.

In the second division of their answering brief defendants urge that said appeal should be dismissed and denied upon the ground that no points of law are set forth in the notice of appeal. The wording of the notice is quoted in an earlier part of this opinion. Section 2508, R. L. 1925, as amended by Act 146, S. L. 1925, provides in part that "any appeal solely upon points of law from a decision of a district magistrate shall be so stated in the notice of appeal," and Rule 13 of this court requires the magistrate, among other things, to forward to the clerk of this court "a certificate of appeal, stating the nature of the action, the decision made and the points of law upon which the appeal is taken." The magistrate in the instant case has forwarded certified copies of the summons, note and motion to quash above referred to, and a certified copy of his clerk's minutes showing the fact of the granting of the motion by the magistrate. In his certificate of appeal the magistrate recites that he "granted defendants' motion to quash summons that an appeal from said judgment was duly noted by the plaintiff above-named to the supreme court of the Territory of Hawaii on points of law

set forth in plaintiff's notice of appeal." Under the decision of this court in *Phillips* v. *Lun Chong Co.*, 14 Haw. 295, 296, the foregoing facts constitute compliance with the rule referred to. Quoting from the case last above cited: "In the second case it" (the certificate) "refers for the points of law to an annexed paper. This paper sets forth briefly a statement of the facts, the action taken by the defendants and the ruling of the magistrate in respect of each of several questions that were raised in the case, without stating briefly in general terms the mere propositions of law relied on by the defendants. This was sufficient. The points of law appear more clearly than they did in *Humburg* v. *Namura*, 13 Haw. 702, in which the statement of the points of law was held sufficient."

In the later case of *Murphy* v. *McKay*, 23 Haw. 173, 174, it is held that "it is not necessary to set forth in the notice of appeal the points of law upon which the appeal is taken, but it is necessary to state in the notice of appeal that the appeal is upon points of law. The points of law must be stated in the district magistrate's certificate of appeal, and if not stated therein the appeal will be dismissed." In *Murphy* v. *McKay*, however, there is no reference in the certificate, as there was in the case of *Phillips* v. *Lun Chong Co.*, to an annexed paper, or, as in the instant case, to the notice of appeal, for a specification of the points of law relied on, and *Phillips* v. *Lun Chong Co.* is not overruled by the later case.

The plaintiff's notice of appeal, while inartificially drafted, is sufficient to show that the point of law relied upon is that the district magistrate erred in granting defendants' motion to quash, which is clearly presented and which is the only question of law presented by the record.

The appeal is sustained and the case is remanded to

the district magistrate with instructions to overrule said motion to quash and for other proceedings not inconsistent with this opinion.

W. C. Achi (also on the brief) for plaintiff.

H. E. Stafford (also on the brief) for defendants.