## WENNER & CO. *vs.* THOMAS LINDSAY.

MOTION TO STRIKE CASE FROM CALENDAR.

APRIL TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ.    FORNAN-
DER, J., absent.

The certificate of appeal from a Justice of the Supreme Court should
be signed by the Justice, and should state whether the appeal is
to the Supreme Court in Banco on points of law, or an appeal for
trial on the facts.

Where the decision appealed from is written, and the appeal is taken
on points of law therein stated and decided, the points of law need
not be re-written. If the decision appealed from be oral, the
points of law appealed from should be reduced to writing by the
appellant, signed by the Justice, and appended to the certificate of
appeal.

OPINION OF THE COURT, BY JUDD, C.J.

We are of the opinion that it is not essential that, when an
appeal is noted from a Justice of the Supreme Court, sitting as
Intermediary Court of Oahu, it be specially stated whether the
appeal is to the Supreme Court in Banco on points of law, but
this should be made clear in the certificate of appeal when the
appeal is perfected.

We think that this certificate should hereafter be signed by
the Justice who hears the case.    But as no uniform practice has
previously been settled, we hold that the certificate in this case
is in this respect sufficient, it being signed by the clerk.

Where the decision of the Intermediary Court is in writing,
and the appeal is on the points of law decided, it is not neces-
sary to re-write the points, but the certificate may state that the
appeal is taken from the points of law as set forth in the deci-
sion.

If the decision be oral, the points of law appealed from should be reduced to writing by the appellant and signed by the Judge, and appended to the certificate of appeal.

We think the appeal in this case should be considered as an appeal on the law. It cannot be, as it is intended to be, both on the facts and on the law.

If it was intended to be on the facts, then the case should have been moved on to its appropriate place on the calendar, in the early days of the term. This was not done in this case.

For these reasons we overrule the motion to strike the case from the Banco calendar.

*Smith* and *Kinney*, for plaintiffs.

*Ashford & Ashford*, for defendant.