## C. AFONG vs. KALE.

MOTION TO DISMISS APPEAL FROM POLICE COURT, HONOLULU.

JANUARY TERM, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The correct practice concerning appeals from the Police Court to the Supreme Court in Banco on points of law, is as follows:

The points of law, if they have been made by the party during the trial, and are stated by the Police Justice on his minutes, need not be restated by the Justice on a separate paper.

If the points on which the appeal is based were not made during the trial and (or) were not noted on the minutes, they must be reduced to writing and be presented to the Police Justice within the ten days allowed for perfecting the appeal.

OPINION OF THE COURT, BY JUDD, C.J.

The defendant was arrested by warrant of the Police Justice of Honolulu, charged with refusing to work according to the terms of a written contract of labor between him and Mr. C. Afong, his employer, plaintiff. The Police Justice, on the 24th October, 1888, ordered the defendant to return to the labor of his employer on Hawaii, or be imprisoned until he consented so to do. On the 31st October the Police Justice signed a certificate which, after reciting the judgment, stated that an appeal from the said judgment was duly noted by the said defendant to the Supreme Court in Banco, and that said appeal has since been duly perfected according to law.

All the statutory requirements for an appeal of this character were complied with, that is, costs were paid and a bond for costs on appeal was executed and filed within ten days.

On the 21st December a paper was filed, signed by the Police Justice, embodying the points of law on which the appeal to this Court was taken.

The plaintiff's counsel moved to dismiss the appeal on the ground that the points of law were not certified to by the Police Justice within ten days after his judgment.

The Police Justice is required by Rule 39B. to forward without delay, after the appeal is perfected, to the Appellate Court, the certificate of appeal, which should state the nature of the action, the decision made, whether the appeal is to a jury or to the Court in Banco on points of law, and in the latter case the points of law should be distinctly stated.

Section 1008 of the Civil Code requires that notice of an appeal taken and perfected from the Police Court to the Supreme Court should be given by the Justice immediately to the other party, and that the Justice shall, without delay, transmit to the Clerk of the Appellate Court a perfect transcript of the record and proceedings had before him.

We held at the January Term, 1888, in *Humuula Sheep Station vs. L. Ahlo* (*ante,* page 213 ), that the record from the Police Court was incomplete in not stating the points of law upon which the appeal was based, and we refused to allow the appellant to return the record to the Police Court to be completed, and declined to hear the appeal for the reason that there were no points of law in the case before the Court for its consideration on appeal. This case bore a close analogy to *Rex vs. Lee Choy,* April Term, 1887 (*ante, page* 62). In the case at bar the points of law are before us; but it appears that they were certified by the Police Justice and filed in this Court about two months after the appeal had, in other respects, been perfected and the record sent up.

We consider the correct practice to be as follows : The points of law, if they have been made by the party during the trial, and are stated by the Police Justice on his minutes, need not be restated by the Justice on a separate paper. If they appear on the minutes, that is sufficient.

If the points on which the appeal is based were not made during the trial, and (or) were not noted on the minutes, they must be reduced to writing and be presented to the Police Justice within the ten days allowed for perfecting the appeal.

The Police Justice, then, has the record complete which he is to send up without delay. We expect this practice to be

followed hereafter.   But as it is not entirely clear from the Statute and Rules that the points of law are to be prepared and presented to the Justice within ten days from the judgment, we do not dismiss this appeal, since we found the points before us when the case was called for a hearing.

Motion to dismiss denied.

*J. A. Magoon*, for plaintiff.

*J. H. Barenaba*, for defendant.