## REPUBLIC OF HAWAII *v.* F. E. HIME.

APPEAL FROM DISTRICT COURT, WAILUKU, MAUI.

SUBMITTED MARCH 22, 1897.          DECIDED MARCH 31, 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

On the evidence, the substance of which is set forth in the opinion, the
court held that the district magistrate did not err as matter of law
in finding that a sale of spirituous liquors took place at Lahaina,
Maui, where they were o..ered, and not at Honolulu, whence they
were sent.

#### OPINION OF THE COURT BY FREAR, J.

This is an appeal on points of law from a decision of the
District Magistrate of Wailuku, Maui, finding defendant guilty
of the offense of selling spirituous liquors without a license at
Lahaina, Maui. The gist of the points relied on is that there
is no evidence of a sale at Lahaina. The contention is that
the evidence shows a sale at Honolulu, Oahu, only.

The facts are substantially as follows: The defendant was
an agent and keeper of a store at Lahaina for H. Hackfeld &
Co., of Honolulu. One Shimisaki was a clerk in the store at
Lahaina, under the defendant and subject to his orders. One
Shimbo ordered a tub of saki through Shimisaki. He did not
know where Shimisaki was to get it. Shimisaki wrote for the
saki. A tub of saki arrived a few days later from Honolulu
on a vessel of the Inter-Island Steam Navigation Company,
common carriers, and the defendant received from H. Hack-
feld & Co. a shipping receipt, the material portion of which
reads as follows: "Received of H. Hackfeld & Co., in ap-

parent good order on board the Noeau the following packages, contents unknown, to be delivered in like good order at Lahaina." Then follow the clauses limiting the liability of the carrier, and below, in the blank space for the description of the packages, the words, "Shimbo. 1 Tub Sake." The defendant delivered this shipping receipt to Shimisaki who, acting under defendant's instructions, delivered it to Shimbo and received from him at the same time the price of the saki. The money was put in the cash drawer of the store. Shimbo took the receipt to the wharf, got the saki, and paid the freight thereon. No bill for the saki was sent from Honolulu. This was one of several similar sales made in connection with the same shipment, and a similar course of dealing appears to have gone on for some time. According to Shimisaki, on two occasions no receipts came from H. Hackfeld & Co., and the saki was delivered by the carrier on instructions from the defendant. The defendant was accustomed to exercise his discretion as to the delivery of the saki to the buyer. Sometimes he would let the buyer have it only on payment; at other times on credit. He worked on a salary and received no commissions. He kept a special book for consignments of liquor. He had no license for the sale of spirituous liquors. H. Hackfeld & Co. had such a license at Honolulu.

The question is not, did the sale take place at Lahaina, but was there sufficient evidence to support a finding that the sale took place there? In other words, could the magistrate, in passing upon the facts as a jury would, find upon any reasonable view of the evidence that the sale took place at Lahaina? Defendant contends that the setting apart or appropriation of a particular tub of saki for the purchaser and the delivery thereof to the common carrier at Honolulu was a delivery to the purchaser and that thereupon the title or property or *jus disponendi* passed from the seller to the purchaser, thus completing the sale at Honolulu, subject only to the right of stoppage *in transitu*, and cites a number of cases, which, with other cases, may be found cited in 11 Am. & Eng. Enc. of

Law, 741, and 21 Ib. 511, to the effect that, in cases of sales of intoxicating liquors as in cases of sales of other commodities, "a delivery to a carrier, as directed by the purchaser, or as warranted by custom and usage, is such an appropriation as to bind the vendor, and make the goods the property of the vendee from the moment of such delivery." Benj. on Sales, Bennett's notes, 312. But this is merely a rule of "construction adopted for the purpose of ascertaining the real intention of the parties," and "however definite and complete may be the determination of election on the part of the vendor, when the contract has left him the choice of appropriation, the property will not pass if his acts show clearly his purpose to retain the ownership, notwithstanding such appropriation." Ib. Sec. 381. The question is one of intention. The courts all agree on this. They differ merely as to what facts are sufficient or necessary to prove or disprove a particular intention. We may assume that, as contended, by the weight of authority, though there is distinguished authority to the contrary, a delivery of goods, C. O. D., in pursuance of an order, to a common carrier, consigned to the buyer, the buyer to pay freight, shows an intention to reserve only the *possession* until payment, and is not sufficient to show an intention to reserve the *title*. But the present is not a simple case of that kind. In the present case, the purchaser did not send the order to Honolulu; he ordered through the storekeeper at Lahaina; he says he did not know where the liquor was to be obtained. The shipping receipt was not indorsed to him; it was not even sent to him. It was simply an acknowledgment of a receipt from H. Hackfeld & Co., of a package to be delivered at Lahaina. The fact that the package was marked "Shimbo" and was so described in the receipt, would not be sufficient to entitle him to get it. Even if the receipt had been indorsed to him and sent to him, yet if its use to obtain the property were conditional upon his payment of the price or acceptance of a draft for its amount, the title would not pass until he performed the condition. The fact that the bill of lading or shipping receipt was sent to H. Hackfeld &

Co.'s agent instead of to Shimbo himself, may be regarded as strong evidence that the *jus disponendi* was not intended to pass until payment of the price or some satisfactory arrangement was made therefor with the defendant. Such was the view taken in *Shepherd v. Harrison*, L. R. 5 H. L. 116, a leading case on this subject. See also *ex parte Banner*, L. R. 2 Ch. D. 278. This view is strengthened by the further fact that the defendant was accustomed to decide whether the sale should be for cash or on credit, and by the further fact, if fact it be, that in other similar cases, the saki had been delivered in the absence of the shipping receipt on defendant's instructions.

In *Merchant's National Bank v. Bangs*, 102 Mass. 291, the court held that under circumstances somewhat similar to those involved in the case at bar, the question whether the property passed at the time of shipment, was a question for the jury, and that the trial court erred in holding as matter of law that the property had not passed. We are of the opinion that, in view of the evidence in this case, however correct may be the law relied on by the defendant, the decision of the District Magistrate cannot be reversed as unsupported by the evidence. It will be unnecessary to discuss *The King v. Gaspar*, 8 Haw. 233, and *The Queen v. San Tana*, 9 Haw. 106, referred to by counsel.

The judgment appealed from is affirmed.

*Dep. Atty. Gen'l E. P. Dole,* for prosecution,

*Kinney & Ballou,* for defendant.