HATTIE K. CRAWFORD *v.* JENNIE STEWART.

No. 1192.

MRS. W. H. CRAWFORD *v.* MRS. VIOLET FEELEY.

No. 1193.

PETITION FOR REHEARING.

FILED JANUARY 2, 1920.                    DECIDED JANUARY 26, 1920.

COKE, C. J., KEMP AND EDINGS, JJ.

A contract of hiring in which the compensation was fixed at a stated sum per month but without any specified term of employment constituted a hiring at will and not by the month and in the absence of any established usage to the contrary either party had the right to terminate the employment at any time without notice and upon such termination the party discharged would be entitled to compensation only to the time of such termination.

*Per Curiam:* The plaintiff has presented a petition for rehearing in the above entitled cases alleging as grounds therefor, among others, that the decision rendered by a majority of the justices (*ante* page 226) was based upon propositions of law concerning which she had no opportunity to be heard; that said decision was based upon authorities and cases concerning the value of which as precedents she had no opportunity to be heard, and that the majority opinion entirely overlooked the fact that no notice was given of an intended termination of the contract for services.

When these cases were heard two of the members of this court—the Chief Justice and Justice Edings—were absent and the matters were heard before Justice Kemp and Circuit Judges J. T. DeBolt and James J. Banks.

At the time of the filing of the petition for rehearing both the Chief Justice and Justice Edings had returned and the question arose as to who constituted the court for the purpose of hearing this petition. There being some doubt in the mind of the court as to who should pass upon the sufficiency of the petition, at the urgent request of counsel for the petitioner the matter was referred to the same justices and judges who took part in the decision of the cases and it has also been considered by the court as at present constituted.

After a careful consideration of the petition by the court as now constituted, as well as by the judges who took part in the original decision, the petition for rehearing is denied, Circuit Judge DeBolt adhering to his dissenting opinion heretofore filed and all the members of the court and Circuit Judge Banks adhering to the majority opinion heretofore filed.

It is the view of the court that plaintiff's contention that the majority opinion was based upon propositions of law concerning which she had no opportunity to be heard is not well taken for the reason that she did both in her briefs and in her oral argument cite authorities in support of her contention that a hiring at a stipulated monthly sum constituted a hiring for a month. It is true that the defendant did not argue to the contrary. We do not think, however, that this fact would preclude the court from laying down a proposition of law contrary to that contended for by the plaintiff and supporting it by authorities not considered in the argument.

In answer to plaintiff's contention that the majority opinion overlooked the fact that no notice whatever was given of any intention to terminate the contract we hold that the requirement of such notice would abrogate entirely the main principle laid down in our opinion to the effect that a hiring for a stipulated sum per month with-

out anything further being agreed upon to fix the term of hiring constitutes an indefinite hiring and is terminable at the will of either party.    We did not cite any authority upon this proposition nor refer to it in the majority opinion for the reason that we did not consider it as having any application to the case before us.    We find, however, in the case of *The Pokanoket,* reported in 156 Fed. at 241, the circuit court of appeals for the fourth circuit held that a verbal contract between the owner of a vessel and a marine engineer for the services of the latter in which his wages were fixed at a stated sum per month but without any specified term of employment constituted a hiring at will and not by the month and in the absence of any established usage to the contrary either party had the right to terminate the employment at any time without notice and upon the employee's discharge he was entitled to wages only to the time of such discharge.    See also *The Pacific,* 18 Fed. 703 and *The Rescue,* 116 Fed. 380.

We feel that the plaintiff has been given ample opportunity to present her cases in this court as well as in the district and circuit courts, all of which courts have reached the same conclusion.

*Thompson, Cathcart & Lewis* for the petition.