## R. Y. DUNG *v.* JOSEPH AH NEW CHUN.

## No. 2430.

SUBMITTED APRIL 17, 1940.                    DECIDED APRIL 30, 1940.

COKE, C. J., PETERS AND KEMP, JJ.

*Per Curiam.* This is a motion to dismiss the appeal of the plaintiff above named on points of law from a decision of a district magistrate, one ground of the motion being failure to file the record in this court within the time prescribed in rule 1 of this court after the perfecting of the appeal. It appears from the record and the affidavit of plaintiff's counsel that the decision appealed from was rendered May 20, 1939, and that within the time prescribed by section 3500, R. L. H. 1935, the plaintiff filed his notice of appeal to the supreme court on points of law, posted the required bond, and presented to the district magistrate for his signature a form of certificate of appeal in which were stated the points of law upon which the appeal was taken; that the magistrate took the form of certificate and promised to look it over. Without detailing all of the facts appearing from the affidavit of plaintiff's counsel bearing on the efforts made

by him to have the magistrate execute a proper certificate of appeal and transmit it, together with the record, to this court, it is sufficient to say that they show diligent effort on his part but his efforts were not successful until October 23, 1939, when the certificate of appeal now on file in this court was executed by the magistrate. The magistrate's return, including his certificate, reached this court on the 30th day of October, 1939.

Counsel for plaintiff, in contesting the motion, contends that rule 1 of this court does not apply to appeals on points of law from the decisions of district magistrates and that rule 13 of this court is the only rule applicable to such appeals. It is pointed out that section 3500, R. L. H. 1935, makes it the duty of the district magistrate, within a reasonable time after the appeal is perfected, to make a return thereof, together with all papers and exhibits filed in such case. The difference between the provisions of section 3500 and those of section 3501, relating to appeals from decisions of circuit judges at chambers, is pointed out and emphasized. The argument is, in effect, that since by statute it is made the duty of the district magistrate to make a return of the appeal, including all papers and exhibits filed in the case "within a reasonable time," paragraph 2 of rule 1, which provides that if the necessary papers are not filed in this court within twenty days after the perfecting of an appeal or such further time as may be allowed by this court or a justice thereof the appeal may be dismissed for want of prosecution, can have no application to appeals of this character without coming in conflict with the statute. Rule 13 of this court, which makes it the duty of the district magistrate to "forward without delay" to the clerk of this court a certificate of appeal stating the nature of the action, the decision made and the points of law upon which the appeal is taken, is pointed to as being consistent with the

statutory requirement that the magistrate make a return of the appeal within a reasonable time after the appeal is perfected. The appellant concludes from the foregoing facts, statutes and rules, that he should not be penalized for failure of the district magistrate to perform his statutory duty.

Rule 13 is substantially the same as has been in existence since April 1, 1887. (See rule XXXIX B, Rules of the Supreme Court, effective April 1, 1887; rule 5, Rules of the Supreme Court, effective November 1, 1900; rule 14, Rules of the Supreme Court, effective September 2, 1904; rule 14, Rules of the Supreme Court, effective December 8, 1905; rule 14, Rules of the Supreme Court, effective March 21, 1906; rule 13, Rules of the Supreme Court, effective May 1, 1929; rule 13, Rules of the Supreme Court, effective May 1, 1939.) The provisions of both section 3500 and rule 13 are clear and unambiguous and plainly indicate the respective steps necessary to the review by this court of appeals from district magistrates upon points of law. It is incumbent upon the appellant to take and perfect the appeal. But once the appeal is taken and perfected it becomes the duty of the magistrate under the statute to make a return thereof, together with all papers and exhibits filed in the case and all excess costs over and above actual accrued costs earned in the case, and under rule 13, to forward without delay to the clerk of this court a certificate of appeal, stating the nature of the action, the decision made and the points of law upon which the appeal is taken, also the summons (in a civil case), all vouchers and exhibits filed or certified copies thereof, and a transcript of the testimony; also all costs paid by either party to the action, with a clear and itemized statement showing by whom and the purpose for which each amount is paid, keeping back nothing but statutory fees and mileage, and stating

explicitly what is kept back. The duties imposed on the magistrate under the statute must be performed within "a reasonable time." The duties imposed on the magistrate under the rule must be performed "without delay." While the provisions of the statute refer to a "return," the rule refers to a "certificate of appeal." In our opinion the word "return" as used in the statute is not synonymous with the term "certificate of appeal," although the return should include the certificate setting out the information required by the rule. It is true that the provisions of the statute referred to were added to the section by the legislature in 1925, but despite this amendment this court has consistently persisted, since the amendment, in requiring a certificate of appeal, thereby indicating that while a return as required by the statute may, in the absence of provisions to the contrary, include a certificate of appeal, it desired that all returns contain a certificate of appeal certifying the information required. Moreover, it is apparent, both from the statute and the rule, that the duty of making the return and certifying the appeal devolves upon the magistrate and that the only limitations as to them are that under the statute it be within a reasonable time and, under the rule, without delay.

This same question has been before this court under rule XXXIX B in the cases of *The King* v. *Lee Choy,* 7 Haw. 62, and *Humuula Sheep Station* v. *Ahlo,* 7 Haw. 213, and under rule 14, effective in the year 1911, in the case of *Yamamoto* v. *Sakurai,* 20 Haw. 657, and it would seem that the expressions of this court on the subject have been uniform and are to the effect that the magistrate's certificate stating the points of law upon which the appeal is taken may be filed at any time, at least before argument on the merits. The motion to dismiss the appeal was interposed by the appellee prior to the expiration of the time within which he was required to

file a reply brief. While the certificate of appeal was not forwarded as promptly as the rule contemplates, it is now in this court and may be considered by the court prior to a consideration of the merits.

From the summary heretofore given of the steps taken by appellant, it is apparent that he has failed to comply with the provisions of rule 1 of this court. But, in our opinion, the appellant is correct in his contention that said rule has no application to such appeals as this. The statute expressly says that "it shall be incumbent upon such district magistrate to make a return thereof, together with all papers and exhibits filed in such case." A "return, * * * together with all papers and exhibits filed," necessarily includes all such portions of the record, evidence, papers, exhibits, etc., as may be necessary for a consideration of the appeal. It was apparently the intention of the legislature that the original record of the district court be forwarded directly to this court, and in the absence of anything to the contrary it must be assumed that paragraph 2 of rule 1 of this court was not intended to apply to appeals from decisions of the district magistrates to this court upon points of law. Rule 7 of this court expressly provides that whatever form the appeal may take, except as otherwise provided, no original papers other than bills of exceptions, transcripts of evidence and exhibits, shall be transmitted to this court unless by order of the court or a justice thereof. Hence, except as provided by rule 7, paragraph 2 of rule 1 refers to the record on appeal, the duty of the preparation of which devolves upon the appellant. It was certainly not intended by this court to adopt and promulgate a rule in conflict with the provisions of section 3500, to the extent that the latter applies to appeals to this court upon points of law. The conclusion is therefore inevitable that upon appeals to this court upon points of law it is the duty of the

magistrate to forward the record on appeal to this court by way of a return of the appeal, and that this shall be done by the magistrate under the provisions of the statute, within a reasonable time. The provisions of paragraph 2, rule 1, of this court do not apply.

Other grounds of the motion to dismiss the appeal are (1) that the certificate of appeal dated May 31, 1939, is invalid in that it does not state any point of law upon which the appeal is taken; and (2) that the court is without jurisdiction to consider the certificate of appeal dated October 23, 1939, in that it was not presented and signed by the district magistrate within ten days of the judgment appealed from.

In view of what we have already said in the discussion of the other ground of the motion, the insufficiency of the magistrate's certificate of May 31, 1939, endorsed on appellant's notice of appeal, is immaterial. The points of law certified by the magistrate October 23, 1939, are full and complete. The certificate of appeal recites sufficient of the facts which gave rise to a single question of law, and sets forth the question of law that was considered and ruled upon. That the notice of appeal merely recites that the appeal is taken upon points of law, without setting forth the points of law upon which the appeal was taken, is also immaterial. Assuming that the certificate of the magistrate is substantially the same as that presented to him by appellant's attorney, the proposed certificate, taken with the notice of appeal, fulfills the requirement of the statute. The statement of the points of law upon which the appeal is taken need not necessarily be included in the notice of appeal. It is sufficient that it be upon a separate paper and refer to the notice of appeal. The certificate of appeal identifies the case, the time of trial, and the judgment, concluding with the statement that "an appeal from said judgment was duly noted

by the plaintiff above named to the Supreme Court of the Territory of Hawaii, on the above stated proposition of law, and that said appeal has been duly perfected," and attached to said certificate of appeal is a full and correct copy of the record.

If it may be said that the magistrate did not fulfill his duties as prescribed by the statute and the rule of this court, the appellant should not be penalized therefor.

The motion to dismiss the appeal is denied.

*F. Patterson* (*S. Landau* with him on the brief) for the motion.

*M. D. White* (*McGhee & White* on the brief) contra.