Whitaker, Judge,
delivered the opinion of the court:
This is* a suit by a former employee of the Federal Theatre Project of the Works Progress Administration to collect an amount alleged to be due him as compensation for the annual leave to which he was entitled and which he never received.
He sues under the Act of March 14, 1936 (49 Stat. 1161), which reads in pertinent part as follows:
* * * all civilian officers and employees of the United States wherever stationed and of the government of the District of Columbia, regardless of their tenure, in addition to any accrued leave, shall be entitled to twenty-six days’ annual leave with pay each calendar year, exclusive of Sundays and holidays: Provided, That the part unused in any year shall be accumulated for succeeding years until it totals not exceeding sixty days. This Act shall not affect any sick leave to which employees are now or may hereafter be entitled. Temporary employees, except tem-
E or ary employees engaged on construction work at ourly rates, shall be entitled to two and one-half *644 days’ leave for each month of service. The annual leave herein authorized shall be granted at such times as the heads of the various departments and independent establishments may prescribe. This Act becomes effective January 1, 1936.
Plaintiff was employed on January 15, 1936 in a supervisory capacity, first as senior supervisor, and later as chief foreman. The Emergency Relief Appropriation Act of 1939 (53 Stat. 927,936) provided for the closing down on June 30, 1939 of projects such as the one on which plaintiff was employed. Section 25 (a) thereof prohibited the use of funds made available by it for the operation of any theatre project after June 30,1939, except that it permitted the payment of the salary for the month of July of a person working in a supervisory capacity “with or without assignment of duty incidental to the closing down of such project.” Plaintiff was working in a supervisory capacity and he was paid his salary for this month. Just before the end of the month, on or after July 28, plaintiff made application for the annual leave to which he was entitled under the Act of March 14,1936. This was 70 days and 5 hours. Since, under the above-mentioned act, it was necessary that his services be discontinued on July 31, 1939, and since thereafter he could not be carried as an employee, no annual leave was given to him, and none could have been given him except for a day or two.
He sues for the amount of pay he would have received during his leave if he had been granted it.
As this court held more than 50 years ago, annual leave is not a congressional device to increase an employee’s pay, but is granted in the nature of a refresher, to afford surcease from an employee’s labors for the common weal and to enable him to come back with fresh zeal to carry on in his country’s service. As Judge Nott expressed it in Harrison v. United States, 26 C. Cls. 259, 269, annual leave was intended “to secure to the individual employe a vacation for refreshment and recuperation.” It was never designed as a bonus upon separation from the service. Only an employee is entitled to it. After he ceases to be an employee, his right to it ceases. An employee may or may not receive it. He may not apply for it, but continue to work; if so, his right to it *645 is lost, except to the extent he is permitted to accumulate it. If he resigns before taking it, he loses his right to it. If he dies before receiving it, his estate is not entitled to collect the money value of it.
These statements are . amply supported by authorities. See Harrison v. United States, supra; Field v. Giegengack, 73 F. (2d) 945 (C. C. A. for D. C.); 6 Dec. Comp. of Treas. 544; 8 Comp. Gen. 471; 12 Comp. Gen. 602; 13 Comp. Gen. 179; 17 Comp. Gen. 48.
It is true that when an employee is to be separated from the service, the date of his separation is often fixed far enough off to permit him to take the leave to which he is entitled before he is dropped from the pay roll, but the employee is not entitled to this as of right. Harrison v. United States, supra; Field v. Giegengack, supra.
If an employee is separated from the service before he has taken his leave, Congress did not intend that he should be paid the money equivalent thereof. Congress on June 28, 1940 (54 Stat. 676, 679), amended the Act of March 14,1936 by adding a new section to read as follows:
Sec. 8. Employees of the Navy Department and the Naval Establishment and of the Coast Guard may, during the period of the national emergency declared by the President on September 8, 1939, to exist, be employed during the time they would otherwise be on vacation without deprivation of their vacation pay for the time so worked. Employees who forego their vacations in accordance with the provisions of this section may be paid, in addition to their regular pay, the equivalent of the pay they would have drawn during the period of such vacation. The provisions of this section shall be applicable only to employees whose services at the time cannot, in the judgment of the Secretary of the Navy or the Secretary of the Treasury, as the case may be, be spared without detriment to the national defense.
The provision for a money equivalent for annual leave was made applicable only to the employees mentioned and not to employees generally.
On August 1,1941 (55 Stat. 616), Congress gave the money equivalent to persons ordered into the armed forces. When *646 passing this Act Congress had before it the House Committee Report which quoted a letter from the Civil Service Commission, reading in part as follows:
* * * There is no authority in law, however, to pay an employee in money for such leave as may be due him upon separation from the service (17 Comp. Gen. 48, July 16, 1937). In order that an employee may receive the benefits of accumulated and accrued leave prior to separation, therefore, the date of separation must be fixed at the expiration of such leave. Employees who are to be separated from the service, therefore, must be carried on the pay rolls of their respective departments or agencies as nominal employees until they have received salary for the period covered by the accumulated and accrued leave. The Comptroller General has held that once the effective date of an employee’s resignation has passed there is no authority for restoring him to the pay roll for the purpose of granting him accumulated and accrued leave, even in cases where the failure to grant such leave was caused by administrative error or oversight.
Congress, then, having the established administrative practice before it, amended it only so far as were concerned employees entering the armed forces.
Plaintiff comes within neither of the above Acts.
In this case Congress by the Act of June 30, 1939, supra, fixed the amount of leave with pay to which a theatre project employee working in a supervisory capacity is entitled. This leave was for not more than the month of July. The Act permits payment of his salary for July “with or without assignment of duty,” but prohibits its payment thereafter.
The last paragraph of this section (section 25 of the Act of June 30,1939, supra) does not permit the payment of his salary for a longer time. It provides:
This section shall not prohibit the payment of wages or salaries accrued, or of nonlabor obligations incurred, in connection with any such project if the wages or salaries accrued or the obligation was incurred prior to August 1, 1939, October 1, 1939, or September 1,1939, as the case may be.
Under it only those salaries which accrued prior to August 1, 1939 are payable. The salary accrued to plaintiff prior to that time has been paid.
*647 Salary during a leave accrues at the same time it would have accrued had the employee been working. It accrues and is payable at fifteen-day intervals. It is not payable in advance. If the employee dies before all the leave is taken, the salary stops eo inatante. Therefore, the salary which would have accrued during any leave that had been granted plaintiff would have accrued after August 1,1939.
It seems clear to us that Congress intended that this employee’s salary should stop after July 31, 1939, and we also think it is clear that Congress had a right to do this. An employee has no vested right to his office. He may be discharged at any time at the will of the sovereign whether he is working at the time or is on leave. Even though appointed for a definite term, he may be discharged before that term is over. Myers v. United States, 272 U. S. 52. It would seem to follow from this that he has no vested right to the leave to which he was entitled under the law in force at the time of his discharge. We think that Congress may take away from him the leave formerly granted him and which had accrued at the time of his discharge. This was so decided by the Court of Appeals for the District of Columbia in Field v. Giegengack, supra, where there was involved the constitutionality of the Economy Act reducing the amount of an employee’s annual leave.
The plaintiff has received all of the salary to which he was entitled under the Emergency Relief Appropriation Act of 1939, supra. He is entitled to no more. His petition will be dismissed. It is so ordered.
Whaley, Chief Justine, and Booth, Chief Justice (retired), recalled, concur.