## TERRITORY OF HAWAII *v.* FRITZ KRAFT.

### No. 2609

SUBMITTED OCTOBER 16, 1945.  DECIDED NOVEMBER 7, 1945.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY KEMP, C. J.

This is an appeal on points of law from the judgment of the district magistrate of Honolulu finding the appellant Fritz Kraft guilty of illegal parking in violation of section 1227 of the Revised Ordinances of the City and County of Honolulu.

The statutory provisions and rule of this court pre-

scribing procedure in appeals to this court on points of law follow:

Section 9501, Revised Laws of Hawaii 1945, provides *inter alia* that "any appeal solely upon points of law from a decision of a district magistrate shall be so stated in the notice of appeal." Said section further provides that, "Within a reasonable time after an appeal has been perfected from a decision of a district magistrate, to * * * the supreme court, it shall be incumbent upon such district magistrate to make a return thereof, together with all papers and exhibits filed in such case."

Rule 13 of the rules of this court provides *inter alia* that, "District magistrates, in all cases in which appeals have been taken and perfected from them to the supreme court, shall forward without delay to the clerk of the supreme court a certificate of appeal, stating the nature of the action, the decision made and the points of law upon which the appeal is taken."

The appellant has set forth in his notice of appeal the following: "The prosecution failed to prove that the automobile referred to in said charge was parked at the place referred to in said charge by defendant or by anyone acting under his direction or authority.

"Defendant contends that the burden of proof was on the prosecution in this case to prove that the automobile in question was parked at the place referred to in said charge by defendant or by some other person acting under or by authority of said defendant.

"Wherefore, defendant hereby gives notice of appeal and hereby appeals to the supreme court of the Territory of Hawaii for its decision and judgment on the points of law hereinabove stated."

The magistrate's certificate, after giving the title of the cause and the section of the ordinance involved, reads as follows:

"I, H. STEINER, the Presiding Magistrate in the above entitled cause, hereby make a return to the Appeal heretofore perfected by the Defendant on Points of Law and hereby remit to the Supreme Court of the Territory of Hawaii the Record of Appeal."

The case at bar has been submitted on the briefs, oral argument waived, and no point made of the insufficiency of the magistrate's certificate of appeal.

Should the appeal be dismissed?

The magistrate has complied with the statute by making a return of the appeal, together with all papers and exhibits filed in said cause, but he has not complied with rule 13 in that his certificate of appeal does not state the "nature of the action, the decision made and the points of law upon which the appeal is taken."

This court has held that, "There is no impropriety in stating in the notice of appeal the points of law upon which the appeal is taken and we regard it as good practice to do so, yet such recital in the notice of appeal does not dispense with the necessity of stating the points of law in the district magistrate's certificate of appeal. It is only on points of law that an appeal from a judgment of a district magistrate can be brought here. The statute allowing the appeal contemplates that the appellant shall perfect his appeal, that is, do the things that he must do, in order to appeal, within ten days, and if he presents his points of law on which he appeals in writing, whether in his notice of appeal or otherwise, to the district magistrate within the time required, he has done all that he can do, but must see that the certificate of appeal states the points of law and that such certificate is before this court prior to the argument." *Murphy* v. *McKay*, 23 Haw. 173, 174, 175.

In the foregoing case the points of law upon which the appeal was taken were stated in the notice of appeal,

but were not stated in the magistrate's certificate, and the case was presented on the merits in briefs and oral argument, in neither of which was the sufficiency of the magistrate's certificate questioned. Yet this court did not decide the case on the merits but dismissed the appeal for the failure of the magistrate's certificate of appeal to state the points of law upon which the appeal was taken.

It has been held that the certificate stating the points of law may be filed in this court at any time before argument. (*Yamamoto* v. *Sakurai*, 20 Haw. 657.)

From the state of the record, including the defendant's statement of his grievance in his notice of appeal, we are not able to say with certainty what point or points of law the magistrate decided and upon which the appeal is taken. The defendant has set forth in his notice of appeal, and has argued in his brief, that the burden of proof was on the prosecution to prove that the parked car was parked by the defendant or by some other person under his direction. The prosecution admits the validity of this argument but argues that the evidence aided by the presumption raised by section 1232 of the Revised Ordinances of Honolulu 1942 is sufficient to sustain that burden. But we are unable to ascertain from the record before us whether or not the magistrate considered and decided the point of law argued.

Under the circumstances, for the failure of the magistrate to file a certificate in compliance with rule 13, the appeal is dismissed.

*E. J. Botts* for the plaintiff in error.

*W. Z. Fairbanks*, Public Prosecutor, and *J. R. Desha*, Assistant Public Prosecutor, for the Territory.