**Margaret Walsh NAGLE**

v.

**The UNITED STATES.**

**No. 75-55.**

United States Court of Claims.

Nov. 8, 1955.

John B. Letterman, Washington, D. C., for plaintiff.

John R. Franklin, Washington, D. C., with whom was Asst. Atty. Gen., Warren E. Burger, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff, the widow of Raymond T. Nagle, is suing for compensation equivalent to accumulated and accrued annual leave alleged to have been due said Raymond T. Nagle on December 6, 1943, at which time he left the employ of the Department of Justice and allegedly transferred to the U. S. Court of Claims as a temporary commissioner.

The petition alleges that Mr. Nagle entered the employ of the U. S. Government as an attorney in the Department of Justice in 1937; that on December 6, 1943, he left the Department of Justice to accept the position of temporary commissioner in the U. S. Court of Claims; was appointed a regular commissioner on November 1, 1945, and served as such until his death on March 6, 1950. The petition further alleges that while in the employ of the Department of Justice he earned accumulated

and accrued annual leave of 93 days and 52 minutes, and has never been compensated for, or allowed the benefit of, this leave; that on July 28, 1954, the plaintiff presented the claim to the General Accounting Office, which claim was denied. The petition further reveals that Mr. Nagle's leave was earned under the provisions of law in force and effect during his employment in the Department of Justice; i. e., Acts of March 14, 1936, 49 Stat. 1161, December 17, 1942, 56 Stat. 1052, 5 U.S.C.A. §§ 29a et seq., 30b.

The case arises on motion of the defendant to dismiss plaintiff's petition herein on the ground that the claim is barred by the statute of limitations, 28 U.S.C. § 2501, and the court, therefore, is without jurisdiction; also, that there is no authority in law for the claim.

Plaintiff proceeds upon three theories of law in presenting her claim: (1) That her husband had a contract in fact, or to be implied in law, and that to deprive him of his vested property rights would be a denial of due process of law; (2) that the amount due was payable on the basis of section 3 of the Act of December 21, 1944, 58 Stat. 846, 5 U.S.C.A. § 61d; (3) that the amount claimed for accumulated or accrued annual leave was payable on the basis of section 2 of the Act of December 21, 1944, supra.

Sections 2 and 3 of the Act of December 21, 1944, are as follows:

"Sec. 2. Upon the death of any civilian officer or employee of the Federal Government, or the government of the District of Columbia, compensation for all of his accumulated and current accrued annual or vacation leave in a lump sum equal to the compensation that such employee would have received had he remained in the service until the expiration of the period of such annual or vacation leave shall be paid, upon the establishment of a valid claim therefor, in the following order of precedence:

"First, to the beneficiary or beneficiaries, if any, lawfully designated by the employee under the retirement Act applicable to his service;

"Second, if there be no such designated beneficiary, to the estate of such deceased employee.

"Sec. 3. That all accumulated and current accrued leave be liquidated by a lump-sum payment to any civilian officer or employee of the Federal Government or the government of the District of Columbia in cases involving transfer to agencies under different leave systems. Such lump-sum payment shall equal the compensation that such employee would have received had he not been transferred until the expiration of the period of such leave: *Provided,* That the lump-sum payment herein authorized shall not be regarded, except for purposes of taxation, as salary or compensation and shall not be subject to retirement deductions."

Assuming that plaintiff's first two contentions are correct, a cause of action would have accrued under the first theory when Nagle resigned his position in the Department of Justice December 6, 1943, or under the second theory in 1944, when the lump-sum payment for accrued annual leave act was passed, December 21, 1944.

The petition in this case was not filed until February 24, 1955, more than six years thereafter. Therefore, plaintiff's petition was not timely filed and is barred by the six-year statute of limitations, 28 U.S.C. § 2501.

Plaintiff's contention that the statute of limitations was tolled because of the dual compensation act [1] is without merit. If a suit by Nagle for his annual leave earned in the Department of Justice was prohibited by the dual compensation act, a suit by his widow would also be prohibited by the act inasmuch as plaintiff is now suing for the same

[1] 39 Stat. 120, 582, 5 U.S.C.A. §§ 58, 59.

leave covering the same period and governed by the same statute and regulations.

As to plaintiff's third contention, we find nothing in the statute, House or Senate reports [2] that indicates the widow was to be given any more rights than the employee who earned the leave. Therefore, since Nagle could not maintain a suit in this court because of the six-year limitation statute, it is axiomatic that his widow would have no greater rights.

Defendant's motion to dismiss plaintiff's petition is granted, and the petition is dismissed.

It is so ordered.