# DAVID S. LIM *v.* MOTOR SUPPLY, LTD.

## No. 4131.

JULY 10, 1961.

TSUKIYAMA, C. J., CASSIDY, WIRTZ, LEWIS, JJ.,
AND CIRCUIT JUDGE JAMIESON
ASSIGNED BY REASON OF VACANCY.

112

Plaintiff-appellee, also referred to herein as plaintiff, filed his complaint in the District Court of Honolulu, alleging that under an employment contract entered into December 21, 1951 he was to receive annual vacations of two weeks with pay, and that he was entitled to $1067.27 for the annual vacations which, at the time his employment ceased, he had not been able to take.

The magistrate gave judgment for plaintiff on March 20, 1959 for $836.51 with interest and costs, and certified the judgment to this court on a printed form which concluded:

" * * * that an appeal from said judgment was duly noted by the defendant above-named to the Supreme Court of the Territory of Hawaii on Points of Law and that said appeal has been duly perfected.

A full and correct copy of my record in said case is hereto attached."

Included in the attached record was a written decision of the magistrate, also dated March 20, 1959, from which it appears that plaintiff was employed by defendant for an indefinite period as a department manager at a monthly salary of $500 plus a commission on net volume over a certain figure. The contract of employment was in the form of a letter by which it was agreed that: "The usual company policy of annual vacations of two weeks duration will apply * * *." Plaintiff worked up to August 15, 1956, when he was discharged for the convenience of the employer. He was paid up to the end of August 1956,

and the magistrate concluded that the payment of salary for the last half of August 1956, during which time no work was performed, represented an opportunity to take vacation during that period, the magistrate reducing plaintiff's demand accordingly. However, the magistrate allowed the claim for vacation accumulated in previous years, from the inception of the employment January 1, 1952.

The first questions which confront us are jurisdictional and procedural. R.L.H. 1955, § 208-1, provides in pertinent part:

" * * * any appeal solely upon points of law from a decision of a district magistrate shall be so stated in the notice of appeal, and such appeal upon points of law may be made * * * to the supreme court, at the option of the party appealing whenever the party appealing shall file notice of his appeal * * * within ten days * * *."

The same section provides further:

"Within a reasonable time after an appeal has been perfected from a decision of a district magistrate * * * to the supreme court, it shall be incumbent upon such district magistrate to make a return thereof * * *."

Rule 13 of the rules of this court provides:

"District magistrates, in all cases in which appeals have been taken and perfected from them to the supreme court, shall forward without delay to the clerk of the supreme court a certificate of appeal, stating the nature of the action, the decision made and the points of law upon which the appeal is taken; also, the summons or warrant, all vouchers and exhibits filed, or certified copies thereof, and a statement of the facts involved; * * * "

In the present case the notice of appeal was filed March 30, 1959 and the return made by the magistrate, dated May 22, 1959, was filed May 25, 1959. The following ques-

tions were raised by the court *sua sponte* upon the argument of the case.

> Do we have before us one or more points of law presented in such manner as to enable us to proceed to the decision thereof? If not, may the appeal still be perfected? If the appeal still could be perfected, should the court so permit?

Supplemental memoranda were filed and defendant-appellant presented a motion for an order directing the magistrate to transmit a supplemental certificate, which was argued. Defendant-appellant's position is that in view of the documents attached to and attested by the magistrate's certificate, particularly the written decision, the point of law involved in the appeal sufficiently appears and there is no serious defect in the certificate of appeal; further, that the defect if any is not jurisdictional in any event, and the court should be liberal in permitting a supplemental certificate. Plaintiff-appellee is of the view that there is a jurisdictional defect in the magistrate's certificate and the appeal should be dismissed, but if the court has jurisdiction it should take the point of law from the magistrate's written decision or order a supplemental certificate. In no event, plaintiff-appellee argues, should the court take the point of law from the record as a whole.

We agree with plaintiff-appellee that the point or points of law upon which a direct appeal is taken to this court under R.L.H. 1955, § 208-1, must appear from the magistrate's certificate of appeal and cannot be gleaned from the record as a whole. *The King* v. *Lee Choy,* 7 Haw. 62 (1887); *Humuula Sheep Station* v. *Ahlo,* 7 Haw. 213 (1888); *Territory* v. *Schaefer,* 19 Haw. 214, 218 (1908); *Murphy* v. *McKay,* 23 Haw. 173 (1916); *Territory* v. *Do Rego,* 30 Haw. 560, 564 (1928); *cf., Afong* v. *Kale,* 7 Haw. 520, 521 (1889), characterized in *Murphy* as obiter dicta

insofar as it was suggested in *Afong* that the points of law might appear on the minutes of the magistrate; see also as to the indulgence to be shown in determining what the certified point is, if not clear, *Humburg* v. *Namura*, 13 Haw. 702 (1901); *Martinez* v. *Parado*, 35 Haw. 149, 152 (1939).

In none of the above cases was there a written decision signed by the magistrate. The significance of a written decision appears in *Castle* v. *Bowler*, 8 Haw. 366 (1891). Summarizing the earlier cases of *The King* v. *Lee Choy, supra, Humuula Sheep Station* v. *Ahlo, supra,* and *Wenner & Co.* v. *Lindsay*, 7 Haw. 119 (1887), and without distinguishing between appeals on points of law from a police court, as in the first two of these cases, or from a Justice of the Supreme Court sitting alone as an intermediary court, as in *Wenner* and in the case then before the court, the *Castle* case settled the practice as follows:

"In *The King* vs. *Lee Choy*, 7 Hawn., 62, we held that an appeal from a Police or District Court to the Supreme Court in banco, upon questions of law, must comprise a certificate signed by the Justice, of the points of law upon which the appeal is taken, failing which the Court has nothing to consider. This was affirmed in *Humuula Sheep Station* vs. *Ahlo*, 7 Hawn., 213.

"In *Wenner* vs. *Lindsay*, 7 Hawn., 119, we held that the certificate of appeal from a Justice of the Supreme Court should be signed by the Justice, and should state whether the appeal is to the Supreme Court in banco on points of law, or an appeal for trial on the facts. This decision also lays down that when the decision appealed from is written, and the appeal is taken on points of law therein stated or decided, the points of law need not be re-written (in

the certificate of appeal). If the decision be oral, the points of law appealed from should be reduced to writing by the appellant, signed by the Justice, and appended to the certificate of appeal.

"These decisions should settle the practice, and are as authoritative as if made a Rule of Court." (8 Haw. at 367.)

Upon comparison of the above with *Wenner* it appears that in settling the practice in *Castle* the court advisedly omitted the qualifying words underscored in the following quotation from *Wenner*: "Where the decision * * * is in writing * * * it is not necessary to re-write the points, *but the certificate may state that the appeal is taken from the points of law as set forth in the decision.*" The omission of the underscored words in *Castle* makes plain what we understand to be the rule, *i.e.,* if the decision is reduced to writing, signed, and appended to the certificate of appeal, the points of law appearing from the decision are to be deemed incorporated in the certificate of appeal even though not incorporated therein by express reference in the certificate to the decision. Such a case is to be distinguished from one in which the magistrate, instead of appending a written decision that he has signed, annexes a paper in which the points of law are stated, as in *Phillips* v. *Lun Chong Co.*, 14 Haw. 295 (1902), also from a case in which the points of law appear in the notice of appeal, as in *Peterson* v. *Lau Tong*, 30 Haw. 191 (1927); in cases such as these it is essential that there be an express reference in the certificate of appeal to the paper in which the points of law are to be found. This is in accordance with the rule that it is necessary that the magistrate indicate the issues of fact and law he has decided. *Cf., Adams* v. *Klein*, 38 Haw. 346 (1949).

A leading case is *Territory* v. *Kraft*, 37 Haw. 230 (1945). In that case there was no written decision, and

though the point of law argued on the appeal was set forth in the notice of appeal the certificate of appeal did not incorporate it by reference. The appeal was dismissed. However, the case is distinguishable for the reasons stated above.

The magistrate's written decision in this case states in pertinent part:

"With the above finding of facts, the Court holds that the contract as it stands implies that the plaintiff is entitled to take his vacation at any time and that if he is discharged before that opportunity is given to him, he will be entitled to payment in lieu of vacation time at the rate of his regular salary."

It further appears from the decision that this holding was based upon other portions of the decision, which we have numbered for convenience as follows:

(1) "According to the evidence, the plaintiff was privileged to take his vacation at any time and not necessarily within the year it was earned."

(2) "The plaintiff was dismissed from his employment without having been given the opportunity to take his vacation, excepting for the last half of the month of August, 1956."

(3) "At no time was the plaintiff told that he had to take his vacation or forfeit the same."

"Aside from the above [and certain evidence concerning a subordinate which we do not deem material], there was no evidence what the 'usual company policy of annual vacations of two weeks duration' was."

We now consider whether defendant-appellant is entitled to attack the portions of the decision which we have numbered (1) and (2), *supra*. Defendant-appellant brought up the evidence in the form of a stipulated narrative statement signed by the magistrate, dated May 12, 1959. Upon an appeal from a magistrate on points of

law, the insufficiency of the evidence to sustain the conclusion reached by the magistrate may be presented as a point of law. *The King* v. *Young Tang,* 7 Haw. 49, 59 (1887); *Republic* v. *Hime,* 11 Haw. 18 (1897); *Holt* v. *Savidge,* 17 Haw. 84 (1905). In the present case the evidence is that:

> " * * * Vacation periods for department heads were not scheduled or prescribed by the employer, but according to established custom took vacations at their convenience, with the time and duration thereof being at their discretion. No special authorization or permission was required from any officer or manager of the employer, except that department heads were expected to notify the management of the time they expected to be gone. Plaintiff asked the employer's treasurer when he might take his vacation and he was advised that he could go on vacation any time he wanted to."

On the question of opportunity to take vacation, the evidence is that:

> "During the period of his employment, Plaintiff did not take or apply for a vacation, nor was he ever asked by management to forego a vacation. Plaintiff testified that he did not take a vacation because he felt his personal presence and continued availability was essential to the employer's business."

Defendant-appellant contends that this evidence does not support the portion of the decision reading "and not necessarily within the year it was earned." See number (1), *supra.* Further, defendant-appellant contends that the true fact is that plaintiff "did not see fit" to avail himself of the opportunity of going on a vacation, because as also appears from the evidence he was the appraiser of trade-ins and his absence on vacation might have af-

fected the net volume of sales on which his commission was based.

The portions of the decision numbered (1) and (2), *supra,* read with the evidence, simply represent a view of the evidence most favorable to plaintiff but nevertheless not fatal to defendant's appeal. Moreover, there is not a properly presented point of law stating the contention that the evidence is insufficient to sustain these conclusions. Such contention cannot be found within the four corners of the written decision. Number (1) states that it is according to the evidence and number (2) is purely factual; nothing in the decision gives rise to a question as to the correctness of these statements. According to the written decision, therefore, the point of law involved in this appeal, and which we shall proceed to consider, is:

When an employee is privileged to take his vacation at any time and not necessarily within the year it is earned, and he is dismissed without having been given the opportunity to take vacation except for half a month, is he entitled to payment in lieu of vacation time accumulated from prior years in the absence of any express agreement on the point?

In view of the conclusions reached in this opinion, defendant-appellant's motion for an order that a supplemental certificate be transmitted is not essential to the maintenance of the appeal. However, we think it proper to dispose of the motion, which upon the argument was taken under advisement. It now is denied. We do not find it necessary to consider whether we could permit a supplemental certificate at this time; in any event we would decline to do so. Not only is the request submitted at a far later date than has ever been permitted by this court, but also defendant-appellant did not make a proper presentation to the magistrate of its desire to contest the portions of the decision numbered (1) and (2) *supra.*

See *Afong* v. *Kale, supra; Castle* v. *Bowler, supra* at 367; *Yamamoto* v. *Sakurai,* 20 Haw. 657 (1911) ; *Murphy* v. *McKay, supra* at 175; *Dung* v. *Chun,* 35 Haw. 423 (1940) ; *Territory* v. *Kraft, supra* at 233. While a notice of appeal on points of law is not required to set out the points (*Murphy* v. *McKay, supra*), nevertheless an appellant who has not, promptly and in proper form, presented to the magistrate in some way the points he desires incorporated in the certificate, is not in a position to seek the indulgence of the appellate court if the form of certificate prepared by the magistrate is improper. In this case appellant framed one point of law, which was presented to the magistrate in the notice of appeal as is permissible. However, in the point of law so framed defendant-appellant simply assumed that the case was one of an employee who "voluntarily" took no vacation, and further assumed that there was no pertinent evidence outside the letter agreement. If appellant desired to contest the sufficiency of the evidence to sustain the portions of the decision numbered (1) and (2) *supra,* this desire should have been stated in the form of separate points of law so framed that the magistrate could incorporate the same in his certificate.

While we accept the portions of the decision numbered (1) and (2) *supra,* we hold that the conclusion that plaintiff-appellee had a right to be paid for accumulated vacation time is not supported thereby. Nor is the conclusion otherwise supported, as the written decision shows and as we have verified from the record sent up.

There is an obvious distinction between a privilege to accumulate vacation time from year to year, and a right to be paid for the accumulated vacation if not enjoyed. If the first is permitted the situation will take care of itself; an employee who permits too much vacation time to accumulate will not be able to take it, and this will

provide a practical limit on the accumulation of vacation time. On the other hand, if there is a right to draw vacation leave in pay, then the emphasis shifts from a right to a vacation, a "beneficent surcease from regular duty" (*Nicholson* v. *Amar,* 7 Cal. App. 2d 290, 45 P. 2d 697; *Nolan* v. *State,* 44 N.Y.S. 2d 328; *In re Dauber,* 151 Pa. Super. 293, 30 A. 2d 214; *Butler* v. *United States,* 101 Ct. Cl. 641) to a right to pay in lieu of vacation, something quite different, as the cited cases hold; see also *Simson* v. *City of New York,* 151 N.Y.S. 2d 218.

The cases cited by plaintiff-appellee upholding the right to vacation pay are with one exception cases of collective bargaining agreements under which it has been held that: "A vacation with pay is in effect additional wages." *In re Wil-low Cafeterias, Inc.,* 111 F. 2d 429 (2d Cir.), followed in *In re Public Ledger, Inc.,* 161 F. 2d 762 (3d Cir.); *Textile Workers Union* v. *Paris Fabric Mills,* 18 N.J. Super. 421, 87 A. 2d 458, *aff'd* 22 N.J. Super. 381, 92 A. 2d 40; *Pattenge* v. *Wagner Iron Works,* 275 Wis. 495, 82 N.W. 2d 172; *Tynan* v. *KSTP,* 247 Minn. 168, 77 N.W. 2d 200; *Division of Labor Law Enforcement* v. *Ryan Aeronautical Co.,* 106 Cal. App. 2d 833, 236 P. 2d 236, annotated 30 A.L.R. 2d 351. Plaintiff-appellee further relies on *National Manufacturers and Stores Corp.* v. *Slatton,* 22 Labor Cases #67,259 (1952), in which *Willow Cafeterias* was followed by the Tennessee Court of Appeals, but this only supports the right to current vacation, which is not in issue.

We agree with defendant-appellant that if a right to draw vacation leave in pay exists, it basically is a right to be paid for overtime. That is, an employee having worked when he could have had vacation time, this constitutes overtime. So, in the present case, plaintiff not having insisted upon his annual vacation, and not having made an issue as to the opportunity to take it, was in

the same position as any employee who finds that the proper discharge of the duties of his employment entails overtime.

However, an employee on a monthly or weekly salary cannot collect for overtime work which is of the same nature as the work contracted for, in the absence of express agreement or uniform custom. A limitation on the number of hours required to be devoted to the work is not a basic part of the agreement in such case. *Sharpe* v. *Arabian American Oil Co.*, 111 Cal. App. 2d 99, 244 P. 2d 83; *Robinette* v. *Hubbard Coal Mining Co.*, 88 W.Va. 514, 107 S.E. 285; *Wheatley* v. *Carl M. Halvorson, Inc.*, 213 Ore. 228, 250, 323 P. 2d 49, 59; Annot., 25 A.L.R. 218, 107 A.L.R. 705; 35 Am. Jur., *Master and Servant*, § 66; 56 C.J.S., *Master and Servant*, § 97(b); see also *Sheets* v. *Eales*, 135 Kan. 627, 11 P. 2d 1020. The parties are agreed that plaintiff in this case was not under the protection of any wage and hour law, and the above principle is applicable. We deem the collective bargaining agreement cases inapplicable.

What we have here is purely a provision for vacation, that is, for time off during employment (*In re Dauber, supra; Butler* v. *United States, supra; In re B. H. Gladding Co.*, 120 Fed. 709). The question is as to the effect of such provision when the employment terminates without the full vacation having been enjoyed. If the right to pay arises in that situation it is not in the nature of back pay but instead is a right that arises when the employment is terminated. See *Francis T. Donahoe*, 22 T.C. 1276, 1280; *Nagle* v. *United States*, 133 Ct. Cl. 254, 135 F. Supp. 424.

There is no contention that plaintiff was dismissed to prevent him from taking his vacation and no finding to that effect, the evidence being that: "The employment was terminated for the convenience of the employer owing to

an administrative reorganization of Defendant's business."
Plaintiff's privilege to take his vacation in a subsequent
year was merely a privilege to take the accumulated va-
cation time if there should be opportunity to do so. The
fact was as stated above, number (1); this did not con-
stitute a guarantee by defendant that plaintiff would be
enabled to take vacation time which he allowed to accu-
mulate. *Cf., Fraser* v. *Franzen,* 338 Mass. 798, 156 N.E. 2d
797, in which it was held that an employee employed at
a weekly wage who was required to work overtime upon
an agreement that she would receive an equal amount
of time off when the office schedule permitted, was with-
out a claim when her requests for compensatory time off
were denied by reason of the existing business require-
ments of the office, following which she quit.

Possibly an annual vacation of two weeks' duration
was a matter of right, but a vacation of more than two
weeks per year was a privilege, not a right. *Cf.,* 24 Decs.
Comp. Gen. 74, distinguishing between a "right," there
statutory, to accumulate vacation, and "a privilege to be
granted or denied at the discretion of the head of the
office" or, as applied here, at plaintiff's own discretion,
dependent upon the opportunity to do so. Consideration
of the Comptroller General rulings and Court of Claims
decisions very well demonstrates the fallacy of assuming
a right to pay for accumulated vacation time in the ab-
sence of provision therefor (see 7 Decs. Comp. Gen. 83,
8 Decs. Comp. Gen. 471, 12 Decs. Comp. Gen. 602, 604,
13 Decs. Comp. Gen. 179, 14 Decs. Comp. Gen. 443, *Butler*
v. *United States, supra*) even though the employee has
not had an opportunity to take vacation (see 14 Decs.
Comp. Gen. 738, 17 Decs. Comp. Gen. 641). In the pres-
ent case, there was no clause in the agreement similar
to the federal statute cited in *Donahoe,* which was ap-
proved on December 21, 1944 and for the first time pro-

vided that upon separation of a federal employee from the service "he shall be paid compensation in a lump sum for all accumulated and current accrued annual or vacation leave * * * ." (22 T.C. at 1279).

When the reorganization of defendant's business caused plaintiff's services to be dispensed with, the usual rule that a hiring for an indefinite term may be terminated at will (*Crawford v. Steward*, 25 Haw. 226, *reh'g den.* 25 Haw. 300) permitted the employment to be terminated, as it was, on August 15 effective at the end of the month. This provided for the current vacation. Though plaintiff's annual vacation of two weeks may have been a matter of right, when this right was not insisted upon each year and instead was tacked on to the current two weeks' vacation time, it became as to the excess merely a privilege which might be and in fact was lost. As stated by the Court of Claims in a decision rendered before enactment of the above-quoted Act of December 21, 1944, *Butler v. United States, supra*:

> "It is true that when an employee is to be separated from the service, the date of his separation is often fixed far enough off to permit him to take the leave to which he is entitled before he is dropped from the pay roll, but the employee is not entitled to this as of right." p. 645.

Judgment reversed and case remanded for entry of judgment for defendant.

*Tobias C. Tolzmann* (*Anderson, Wrenn & Jenks* on the briefs) for appellant.

*Frank W. C. Loo* and *George W. T. Loo* (*Loo & Loo* on the briefs) for appellee.

#### DISSENTING OPINION OF CASSIDY, J.

Although the statute (R.L.H. 1955, § 208-1) and our rule (Rule 13) governing appeals from a district magis-

trate on points of law should be liberally construed (*Humburg* v. *Namura,* 13 Haw. 702), in my opinion, it requires unwarranted indulgence and a disregard of the prior rulings of this court, as I understand them, to overlook the deficiency of this appeal.

Rule 13 requires the magistrate's certificate of appeal to include a statement of "the points of law upon which the appeal is taken." This requirement is mandatory. *Titcomb* v. *Naeole,* 10 Haw. 346; *Territory* v. *Schaefer,* 19 Haw. 214. If the certificate itself does not set forth points of law, it is necessary that it refer specifically to the points of law designated in the notice of appeal or set forth in some other annexed paper. *Phillips* v. *Lun Chong Co.,* 14 Haw. 296; *Peterson* v. *Lau Tong,* 30 Haw. 191. The requirement of the rule is not met by merely designating the points of law intended to be relied on in the notice of appeal. *Territory* v. *Kraft,* 37 Haw. 230; *Murphy* v. *McKay,* 23 Haw. 173. In the latter case it is clearly pointed out that it is the appellant's obligation to see to it that a proper certificate is prepared and filed. I quote from the opinion:

"* * * There is no impropriety in stating in the notice of appeal the points of law upon which the appeal is taken and we regard it as good practice to do so, yet such recital in the notice of appeal does not dispense with the necessity of stating the points of law in the district magistrate's certificate of appeal. It is only on points of law that an appeal from a judgment of a district magistrate can be brought here. The statute allowing the appeal contemplates that the appellant shall perfect his appeal, that is, do the things that he must do, in order to appeal, within ten days, and if he presents his points of law on which he appeals in writing, whether in his notice of appeal or otherwise, to the district magistrate within the time re-

quired, he has done all that he can do, but must see that the certificate of appeal states the points of law and that such certificate is before this court prior to the argument." (pp. 174-175.)

In this case, appellant's notice of appeal sets forth a point of law intended to be relied on. However, the district magistrate's certificate of appeal recites merely that the appeal "is taken on points of law." No reference is made in the certificate to the point of law designated in the notice of appeal or to any point of law set forth in the magistrate's decision or in any other annexed paper. Applying the rule as interpreted in the above referred to prior decisions of this court, it is my opinion that this appeal is not properly perfected. And I do not consider *Castle* v. *Bowler,* 8 Haw. 366 (1892), to dictate a different view.

*Castle* v. *Bowler* involved an appeal on points of law from a single justice of the Supreme Court to the court in banco. Statutory authority then allowed such an appeal by notice filed within 5 days of the decision appealed from. Rule 4 of the court extended this time to 10 days. The appeal was dismissed for failure of appellant to submit a certificate to the justice for his signature within 10 days of the judgment. What was said in the case respecting the contents or requirements of the certificate, therefore, appears to be dictum. Neither the statute nor any rule of court prescribed the form or contents for a justice's certificate in an appeal from a single justice to the full court. This directly appears from the statement in the dissenting opinion of Judge Dole that: "There is no requirement that Judges in Chamber shall certify upon the points of law in appeals on the law, as Rule 39 requires Police and District Justices to do." At p. 368. I find, therefore, little, if anything, in this decision which is pertinent to the interpretation of Rule 13 or which in any

way affects or detracts from the subsequent decisions applying that rule.

If we can consider the old practice permitting appeals from a single justice to the Supreme Court on points of law as analogous to that involved in this case, then *Wenner & Co.* v. *Lindsay,* 7 Haw. 119, is the decision I think we should look to.

As I read *Wenner & Co.* v. *Lindsay* its import is that where the justice rendered a decision in writing, the certificate did not have to set forth any points of law if it expressly incorporated by reference the particular points of law decided and set forth in the decision which the appellant desired the Supreme Court to review. In this respect the holding of *Wenner* is no different from that of *Phillips* and *Peterson.* I do not see how limiting the holding of *Murphy* and *Kraft* only to cases in which the district magistrate's decision is rendered orally can be squared with the ruling in *Wenner.*

I agree with the majority's action in denying the appellant's motion for an order directing the magistrate to transmit a supplemental certificate. For the reasons above stated, it is therefore my conclusion that this appeal should be dismissed.